IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| ANDERSON OIL COMPANY, INC., AND TFL ASSOCIATES, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> VARNI ENTERPRISE, LLC, FIRST CASUALTY INSURANCE GROUP, INC. AND EMPLOYERS MUTUAL CASUALTY COMPANY, <br><br> Defendants. | Civil Action No.: 1:15-2544-JMC <br><br> **NOTICE OF REMOVAL** |

Defendant First Casualty Insurance Group, Inc. ("First Casualty"), by and through its undersigned counsel, hereby removes Case No. 2014-CP-03-220 from the Court of Common Pleas, County of Allendale, South Carolina, to the United States District Court for the District of South Carolina, Aiken Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This case is properly removed to this Court on the following grounds:

1. On October 20, 2014, Plaintiffs filed an action styled *Anderson Oil Company, Inc. and TFL Associates, LLC v. Varni Enterprise, LLC, First Casualty Insurance Group, Inc. and Employers Mutual Casualty Company*, Case No. 2014-CP-03-220, in the Court of Common Pleas, Fourteenth Judicial Circuit, County of Allendale, South Carolina. Because Plaintiffs are South Carolina citizens and one of the three Defendants is a South Carolina citizen, the case, as initially filed, was not removable on diversity grounds.

2. However, on May 14, 2015, Plaintiff Anderson Oil Company, Inc. ("Anderson Oil") and Defendant Varni Enterprise, LLC ("Varni") executed an Assignment of Rights and Covenant Not to Execute wherein Varni assigned to Anderson Oil "all right, title and

CHARLESTON 396859v1

interest in and to any and all claims, causes of action, actions, debts, rights and interest Varni Enterprise may have against First Casualty arising on or prior to [May 14, 2015], whether arising in connection with the Policy or otherwise." (Assignment and Covenant Not to Execute, Ex. 1.) In exchange, Anderson Oil provided Varni with a Covenant Not to Execute on any and all judgments that could possibly be entered against Varni in the subject litigation and/or any other action arising out of the fire at issue. In addition, Anderson Oil agreed to indemnify and hold harmless Varni from any claims by Plaintiff TFL Associates, LLC ("TFL").

3. "If, after the commencement of litigation, a plaintiff enters into a covenant not to execute with all remaining nondiverse parties, complete diversity can arise, and the case can then be removed to federal court." *Hanahan v. John Hancock Life Ins. Co.*, 518 F. Supp. 2d 780, 784 (D.S.C. 2007).

4. The Covenant Not to Execute releases Varni of financial liability for any and all claims relating to the subject litigation or the fire at issue in the Complaint. Thus, Varni is no longer a real party in interest to this litigation. It has no real palpable interest in the outcome of the case. As such, its citizenship is not considered by the court for the purpose of determining whether complete diversity exists among the parties. *See Hill v. Kinloch*, 2015 U.S. Dist. LEXIS 55813 (D.S.C. Apr. 29, 2015) (holding that nondiverse defendant who obtained a covenant not to execute from plaintiff did not possess a sufficient stake in the proceeding to rise above the status of a nominal party); *Shorraw v. Bell*, 2014 U.S. Dist. LEXIS 21804 (D.S.C. Feb. 21, 2014) (holding nondiverse defendant was a nominal party, even though he retained his own counsel and filed a cross-claim, because he had no financial liability in the litigation pursuant to a covenant not to execute

with the plaintiff. Thus, his citizenship was not considered for purposes of determining complete diversity); *Hanahan*, 518 F. Supp. at 786 (holding that as a result of covenant not to execute between plaintiff and nondiverse defendant, nondiverse defendant was no longer a real party in interest to the litigation, and thus, its citizenship was no longer considered for the purpose of determining complete diversity); *Bumbardner v. Combustion Engineering, Inc.*, 432 F. Supp. 1289 (D.S.C. 1977) (holding nondiverse defendant who entered into a covenant not to execute with plaintiff was a nominal or sham defendant).

5. The above-entitled action is a matter over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy appears to exceed the sum or value of $75,000 in damages, and there is diversity of citizenship between the parties in this action.

6. Plaintiffs allege damages arising from insufficient insurance coverage for a fire that occurred at a gas station convenience store. Plaintiffs assert the insured property was destroyed in a fire, and they seek the difference between the amount paid by the insurer and the actual cash value and/or replacement cost of the property plus Plaintiffs' loss of business profits, loss of use, depreciation and damage to other property located on the premises and other damages, including punitive damages. Plaintiffs do not allege recovery of a specific monetary amount. However, Plaintiffs do contend that the $420,000.00 insurance policy that was in effect at the time of the fire significantly underinsured the property at issue. Plaintiffs further allege that there was a prior policy that insured the property for a replacement cost value of $669,000.00. Defendant is informed and believes that, based upon Plaintiffs' allegations and based upon Plaintiffs'

3

claim and prayer for relief, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1332(a)(1), there is also complete diversity between the Plaintiffs, who are South Carolina citizens, and the two remaining Defendants First Casualty and EMC, who are both citizens of a state other than South Carolina.

8. As asserted by Plaintiffs in the Complaint, at the time of the commencement of the above-entitled action, Plaintiffs Anderson Oil and TFL Associates, LLC were citizens of the State of South Carolina. (Compl. ¶¶ 1, 2.)

9. At the time of the commencement of the above-entitled action, Defendant First Casualty was and is, a North Carolina corporation with its principal place of business in North Carolina.

10. At the time of the commencement of the above-entitled action, Defendant Employers Mutual Casualty Company ("EMC") was a citizen of a state other than South Carolina. (Compl. ¶ 5.) Upon information and belief, EMC has neither been served with a copy of the Complaint, nor has it made an appearance in the subject litigation.

11. At the time of the commencement of the above-entitled action, Defendant Varni Enterprise was a citizen of the State of South Carolina. (Compl. ¶ 3, Varni Answer ¶ 4.) However, because Defendant Varni is now a nominal or sham defendant, its citizenship is not considered for diversity purposes.

12. In determining whether a defendant is a nominal party, the court evaluates four factors: "(1) the level of control that the party retains over the litigation; (2) the weightiness of the party's interest in the litigation; (3) whether the party has retained counsel; and (4)

4

whether the party has given a statement or a deposition." *Hill v. Kinloch*, 2015 U.S. Dist. LEXIS 55813, *5 (D.S.C. Apr. 29, 2015).

13. According to the Fourth Circuit, "[n]ominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Id.* at *4-5 (quoting *Hartford Fire Ins. Co.*, 736 F.3d at 260.) "In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." *Id.*

14. Courts have found that a party's lack of financial risk in the litigation weighs heaviest in favor of finding that a party is a nominal party. *Id.* at *5-6.

15. Varni has no financial liability in the subject litigation pursuant to the covenant not to execute, and thus, it is a nominal party. As such, Varni's citizenship is not considered for purposes of determining diversity jurisdiction.

16. Because there is complete diversity among the parties and the amount in controversy exceeds $75,000.00, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

17. This Notice of Removal is timely, in accordance with 28 U.S.C. §§ 1446(b)(3), as it is filed within 30 days after receipt by First Casualty of a copy of the Assignment and Covenant Not to Execute from which it was first ascertained that the case is one which has become removable.

18. Pursuant to 28 U.S.C. § 1446(a), attached hereto as <u>Exhibit 2</u> are copies of all process, pleadings and orders served upon First Casualty in this action and/or filed in the Allendale County Court of Common Pleas.

19. Venue for this case lies in the United States District Court for the District of South Carolina, Aiken Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed within this District and Division.

20. Because Defendant Varni is a nominal defendant, its consent for removal is not required. Upon information and belief, Defendant EMC has not yet been served, nor has it made an appearance in this action, and thus its consent is not required.

21. Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal was served on all parties and is being filed with the Clerk of Court for Allendale County contemporaneously with this filing.

WHEREFORE, First Casualty hereby removes this matter from the Court of Common Pleas of the State of South Carolina, Allendale County, to the United States District Court for the District of South Carolina, Aiken Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

/s/Susan Taylor Wall
Susan Taylor Wall (Fed. ID No. 4502)
Email: swall@mcnair.net
Amanda C. Williams (Fed ID No. 10218)
Email: awilliams@mcnair.net
MCNAIR LAW FIRM, P.A.
100 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843)723-7831

ATTORNEYS FOR DEFENDANT
FIRST CASUALTY INSURANCE GROUP, INC.

June 25, 2015
Charleston, South Carolina

CHARLESTON 396859v1