FILED FOR RECORD

2014 OCT 20 AM 10: 37

CLERK OF COURT
ALLENDALE COUNTY S.C.

STATE OF SOUTH CAROLINA,

COUNTY OF ALLENDALE.

ANDERSON OIL COMPANY, INC.,
AND TFL ASSOCIATES, LLC.,

PLAINTIFFS,

-VS-

VARNI ENTERPRISE LLC, FIRST
CASUALTY INSURANCE GROUP,
INC. AND EMPLOYERS MUTUAL
CASUALTY COMPANY,

DEFENDANTS.

IN THE COURT OF COMMON PLEAS

C/A#2014-CP-03- 220

COMPLAINT
JURY TRIAL DEMANDED
BREACH OF CONTRACT/
INSURANCE BAD FAITH



Plaintiffs, both individually and as real parties in interest pursuant to Rule 17, SCRCP, hereby claim against the Defendants as follows:

1. Plaintiff Anderson Oil Company, Inc. (hereinafter Plaintiff Anderson) is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina.

2. Plaintiff TFL Associates, LLC (hereinafter Plaintiff TFL) is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina.

3. Defendant Varni Enterprise LLC (hereinafter Defendant Varni) is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina.

4. Defendant First Casualty Insurance Group, Inc. (hereinafter Defendant Agency) is a corporation organized and existing under the laws of a state other than South Carolina with its

principal place of business in a state other than the State of South Carolina; Defendant Agency has subjected itself to the jurisdiction of this Court through its commission of a tortious act in whole within the State of South Carolina pursuant to South Carolina Code Ann. §36-2-803(A)(3).

5.  Defendant Employers Mutual Casualty Company (hereinafter Defendant Insurer) is a corporation organized and existing under the laws of a state other than the State of South Carolina with its principal place of business in a state other than the State of South Carolina; Defendant Insurer has offices and agents for transacting business in South Carolina, owns property and transacts business in South Carolina, and insures property located in Allendale County, South Carolina.

6.  The most substantial part of the acts or omissions giving rise to the causes of action stated herein occurred in Allendale County, South Carolina.

7.  At all times relevant herein, Defendant Agency was an agent, servant and/or employee of Defendant Insurer and was acting within the scope and course of said agency, service and/or employment thereby making Defendant Insurer responsible for the acts and omissions of Defendant Agency under the theory of *respondeat superior*.  Moreover, Defendant Insurer adopted and ratified all acts and omissions of its agents, servants, and/or employees so as to be responsible for the same.

8.  Plaintiff TFL is, and has been at all times relevant herein, the owner of the premises located at 324 Main Street North, Allendale, South Carolina.   Prior to the fire described herein, a convenience store building and appurtenances were located on the premises. This property will hereinafter be referred to as "the premises."

9. Prior to August 2007, Plaintiff TFL leased the premises to Plaintiff Anderson for consideration in the form of monthly lease payments by Plaintiff Anderson to Plaintiff TFL. Plaintiff Anderson operated a convenience store on the premises.

10. While Defendant Anderson operated a convenience store on the premises, Plaintiff Anderson procured insurance on the premises, as required by the lease between Plaintiff TFL and Plaintiff Anderson. Specifically, Plaintiff Anderson contracted with Defendant Insurer for an insurance policy insuring the premises with Defendant Insurer. Said policy provided replacement cost coverage for the premises in the approximate amount of $669,000.00 and named Plaintiff TFL as an additional loss payee.

11. On or about August 1, 2011, while the insurance policy was in full force and effect, Plaintiff Anderson then subleased the premises, with Plaintiff TFL's consent, to Defendant Varni for consideration in the form of monthly lease payments by Defendant Varni to Plaintiff Anderson. Pursuant to the lease agreement between Plaintiff Anderson and Defendant Varni, Defendant Varni agreed to procure and maintain insurance, including fire, storm and hazard insurance, on the building and equipment located on the premises "in such amounts as are reasonably necessary to protect the Landlord" and "for at least the fair market value of the building and equipment." At all times relevant herein, the lease agreement referenced herein between Plaintiff Anderson and Defendant Varni was in full force and effect.

12. On or about October 29, 2011, the convenience store located on the premises described above was destroyed by fire while Defendant Varni was leasing the premises from Defendant Anderson.

13. As required by the lease between Defendant Varni and Plaintiff Anderson, and well before October 29, 2011, Defendant Varni contacted Defendant Agency to secure insurance

coverage on the premises as required by the lease between Plaintiff Anderson and Defendant Varni.   Upon information and belief, Defendant Varni had a longstanding relationship with Defendant Agency concerning insurance matters and reposed special trust and confidence in Defendant Agency's recommendation and advice in the selection of the proper insurance to cover the particular risks to the premises.

14.    Upon information and belief, Defendant Varni specifically told Defendant Agency that Defendant Varni was subleasing the premises from Plaintiff Anderson under a lease agreement that required Defendant Varni to procure insurance on the premises that would protect Plaintiff Anderson's interests in an amount at least equal to the fair market value of the premises.   Moreover, upon information and belief, Defendant Agency was aware that the subject property was at that time already insured by Defendant Insurer for cost replacement value of approximately $669,000.00.    Defendant Varni reasonably relied on assurances and recommendations of Defendant Agency that Defendant Agency would procure insurance for Defendant Varni to meet the requirements of Defendant Varni's lease with Plaintiff Anderson.

15.    Defendant Agency contracted with Defendant Varni for consideration to secure an insurance policy that would protect Plaintiffs' property as described above.   Defendant Agency procured this insurance coverage through Defendant Insurer, the very same insurer that was intimately familiar with the subject property and was at that time already insuring the property for Plaintiffs.

16.    Defendant Varni, through Defendant Agency, then contracted with Defendant Insurer for consideration in the form of premiums in exchange for an insurance policy that would protect Plaintiffs and Defendant Varni against this type of fire loss in an amount that either met or exceeded the requirement of Defendant Varni's lease with Plaintiff Anderson.

17.     However, even though both Defendant Agency and Defendant Insurer knew the details of Defendant Varni's lease with Plaintiff Anderson and also knew or should have known the replacement value and fair market value of the subject property, Defendant Agency procured and Defendant Insurer issued to Defendant Varni a policy of insurance that insured the premises for only $420,000.00 on a co-insurance basis when Defendants knew there was no other insurance on the property. Therefore, under the policy, not only was the property significantly underinsured at $420,000.00, but the co-insurance penalty caused a further reduction in coverage.

18.     Plaintiffs were never provided a copy of the insurance policy issued to Defendant Varni by Defendant Insurer.

19.     Immediately after the fire on October 29, 2011, Defendant Varni submitted a claim for damages to the Defendants in accordance with the requirements of the insurance policy.

20.     At some point after receipt of Defendant Varni's claim for damages, Defendants refused and still refuse to compensate Defendant Varni for the amount of coverage that Defendant Agency should have procured for Defendant Varni. As a result, Defendant Varni is now liable to Plaintiffs for the difference between the amount paid by Defendant Insurer and the actual cash value and/or replacement cost of the property plus Plaintiffs' loss of business profits, loss of use, depreciation and damage to other property located on the premises and other damages.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract Against Defendant Varni)

21.     Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

22. As described above, Plaintiff Anderson and Defendant Varni entered into a contract or lease agreement pursuant to which Defendant Varni agreed to procure and maintain insurance coverage on the premises to adequately protect Plaintiff Anderson's interest in the property.

23. Defendant Varni breached the contract by failing to procure insurance coverage that protected Plaintiff Anderson's interest in the property as called for by the lease agreement.

24. As a direct and proximate result of Defendant Varni's breach of contract, Plaintiff Anderson had been damaged as set forth above.

### FOR A SECOND CAUSE OF ACTION
### (Negligence Against Defendant Varni)

25. Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

26. Defendant Varni owed Plaintiff Anderson a duty of reasonable care to procure insurance on the property that would adequately protect Plaintiff Anderson's interest. Moreover, Defendant Varni voluntarily undertook a duty of reasonable care to procure such insurance coverage.

27. Defendant Varni was negligent, careless, reckless, grossly negligent, willful and wanton in failing to procure adequate insurance coverage.

28. As a direct and proximate result of Defendant Varni's negligence, Plaintiff Anderson has suffered damages as set forth above.

### FOR A THIRD CAUSE OF ACTION
### (Breach of Contract Against Defendant Agency)

29. Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

30. As described above, Defendant Agency contracted with Defendant Varni to provide the particular insurance coverage Defendant Varni needed to protect itself and Plaintiffs from the loss or damage to the premises.

31. Defendant Agency breached the contract by failing to procure adequate insurance coverage to meet Defendant Varni's needs.

32. As a direct and proximate result of this breach of contract, Defendant Varni suffered great monetary damage, as described above, and great emotional distress and anxiety. Defendant Varni is also entitled to punitive damages.

33. Plaintiffs, as the real parties in interest and equitable subrogees, are therefore entitled to judgment against Defendants for the amounts owed Plaintiffs for their loss.

## FOR A FOURTH CAUSE OF ACTION
### (Breach of Contract Against Defendant Insurer)

34. Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

35. Defendant Insurer, in its role as Plaintiff Anderson's insurer, owed Plaintiff Anderson a duty of care to write insurance on the premises for Defendant Varni in an amount that would adequately protect Plaintiff Anderson's interest in the property when Defendant Insurer knew or should have known the value of the property. Moreover, Defendant, Insurer voluntarily undertook a duty to advise Plaintiff Anderson and assured Plaintiff Anderson it would adequately protect Plaintiff Anderson's interest when writing insurance for Defendant Varni on property that was already insured by Defendant Insu8rer for Plaintiff Anderson.

36. Defendant Insurer breached its duty of care by acting negligently, carelessly, grossly negligently, recklessly, willfully and wantonly in the following particulars:

a)  In writing and issuing an insurance policy to Defendant Varni in an amount that failed to protect Plaintiff Anderson's interest in the property when Defendant Insurer knew or should have known the value of the property and knew or should have known of the lease agreement between Defendant Varni and Plaintiff Anderson.

b)  In allowing Plaintiff Anderson to cancel his insurance coverage with Defendant Insurer when Defendant Insurer knew of the co-insurance clause in Defendant Varni's policy and knew that Defendant Varni's policy would not adequately protect Plaintiff Anderson;

c)  In failing to adequately investigate;

d)  In failing to act as a reasonable and prudent insurance company would have acted under the same or similar circumstances; and

e)  In such other and further particulars as the evidence in trial may show.

37.   As a direct and proximate result of the aforementioned acts and omissions of Defendant Insurer, Plaintiffs have been greatly damaged as set forth above.

## FOR A FIFTH CAUSE OF ACTION
### (Negligence Against All Defendants for Breach of the Duty to Advise)

38.   Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

39.   Defendant Agency undertook to advise Defendant Varni and Plaintiff Anderson by assuring that Defendant Agency would procure insurance that would meet and satisfy the needs and risk of loss associated with operating the convenience store.   Furthermore, Defendant Agency was very familiar with the insurance needs due to a course of dealing with the store; moreover, Defendant Agency knew or should have known its advice was being requested and relied upon by Plaintiff Anderson and Defendant Varni.   Additionally, Defendant Agency knew that Plaintiff Anderson and Defendant Varni had in fact reposed special trust and confidence in Defendant Agency with respect to the recommendation and selection of coverage for the convenience store. By assuming and undertaking the duty to advise Plaintiff Anderson and Defendant Varni and act

as their fiduciary, Defendant Agency was required to exercise due care in giving advice and so acting.  Moreover, Plaintiff Anderson reasonably relied on the assistance and advice given by Defendant Agency.

40.    Defendant Agency breached its duty of care and thereby acted negligently by failing to use the required supplemental form and procure insurance coverage that met the needs of the convenience store and its operation.

41.    Furthermore, under the doctrine of apparent authority, Defendant Insurer, the principal, is bound by the acts of Defendant Agency, the agent, because Defendant Insurer placed Defendant Agency in a position that led Plaintiff Anderson and Defendant Varni, entities of ordinary prudence, reasonably knowledgeable with business customs, to believe that Defendant Agency had authority to represent that Defendant Agency could and would procure insurance to meet specific needs of the store.  Plaintiff Anderson and Defendant Varni relied on that assumption in purchasing said insurance.

42.    As a direct and proximate result of these breaches of care, Plaintiff Anderson and Defendant Varni suffered damages as set forth above and is entitled to punitive damages.

43.    The Plaintiffs, as the real parties in interest and equitable subrogees, are entitled to judgment against Defendants the amounts owed Plaintiffs for their loss.

## FOR A SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation Against Defendant Agency and Defendant Insurer)

44.    Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

45.    Defendant Varni specifically told Defendant Agency, Defendant Varni's insurance agent, that Defendant Varni needed coverage on the premises to protect Plaintiff Anderson's interest in the property pursuant to the lease agreement between Defendant Varni and Plaintiff

Anderson.

46. Defendant Agency and Defendant Insurer represented to Defendant Varni that the insurance policy procured for Defendant Varni by Defendant Agency from Defendant Insurer would meet Defendant Varni's needs.

47. Defendant Agency and Defendant Insurer owed Defendant Varni a duty of care to communicate truthful and accurate information to Defendant Varni.

48. Defendant Agency has a pecuniary interest in making the representations in that Defendant Agency earns money by selling insurance.

49. Defendant Agency and Defendant Insurer breached its duty by failing to exercise due care and thereby acted negligently.

50. Defendant Varni justifiably relied on Defendant Agency and Defendant Insurer's representations.

51. Defendant Agency and Defendant Insurer failed to notify Plaintiff Anderson after assuring its needs and interests would be protected. The failure to inform Plaintiff Anderson of the true nature of the change in the coverage and the ultimate coverage provided, when they knew or reasonably should have known of Plaintiff Anderson's reliance on them, amounts to a positive misrepresentation.

52. As a direct and proximate result of Defendant Agency and Defendant Insurer's negligent, misrepresentations, Plaintiffs and Defendant Varni suffered damages as set forth above and is entitled to punitive damages.

53. The Plaintiffs, as the real parties in interest and equitable subrogees, are entitled to judgment against Defendants the amounts owed Plaintiffs for their loss.

### FOR A SEVENTH CAUSE OF ACTION
(Promissory Estoppel)

54.    Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

55.    As described above, upon information an belief, Defendant Agency unambiguously warranted and promised Plaintiff Anderson and Defendant Varni that Defendant Agency would procure and Defendant Insurer would provide insurance coverage in an amount that would adequately protect Plaintiff Anderson and Defendant Varni's interests.

56.    Defendant Agency expected, intended and foresaw that Defendant Varni would rely on this warranty and promise.

57.    Plaintiff Anderson and Defendant Varni to its extreme prejudice and detriment, did in fact reasonably rely upon Defendant Agency's warranty or promise, such that Defendant Varni is entitled to recover its above described damages that were the direct and proximate result of its reliance on Defendants' warranties or promises, and to allow otherwise would be virtually to sanction perpetration of fraud and would result in other injustice.

58.    The Plaintiffs, as the real parties in interest and equitable subrogees, are entitled to judgment against Defendants the amounts owed Plaintiffs for their loss.

### FOR AN EIGHTH CAUSE OF ACTION
(Constructive Fraud)

59.    Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

60.    Defendant Agency owed Defendant Varni duties of good faith and fair dealing inherent in every contract as well as fiduciary duties as described elsewhere in this Complaint.

61.    Defendant Agency breached its duties by making deceptive, material misrepresentations of past or existing facts or remaining silent when a duty to speak existed, and

advancing its own interests at the expense of the interest of Defendant Varni.

62.     As a direct and proximate result of the reliance of Defendant Varni, Defendant Varni incurred damages as set forth above.

63.     The Plaintiffs, as the real parties in interest and equitable subrogees, are entitled to judgment against Defendants the amounts   owed Plaintiffs for their loss.

## FOR A NINTH CAUSE OF ACTION
### (Breach of Fiduciary Duties)

64,     Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

65.     Defendant Agency had and has fiduciary relationships and owed fiduciary duties and obligations to Defendant Varni.  Defendants at all times relevant were or should have been aware of the specific expectations and insurance needs of Defendant Varni, their failure to properly investigate the insurance coverage procured and recommended for Defendant Varni, their failure to properly consider Defendant Varni's expectations and needs, and their failure to properly safeguard the rights and interests of Defendant Varni as described above.

66.     Upon information and belief, the Defendants purposely withheld their knowledge of the above described from Defendant Varni to the extreme detriment of Defendant Varni in that so failing to notify Defendant Varni, the Defendants knowingly caused Defendant Varni to become responsible to Plaintiff Anderson for the difference between the amount insured and the actual value or replacement cost of the premises, such that the Defendants breached their fiduciary duties owed to Defendant Varni, including but not limited to, the duty to perform the contract or promise of providing insurance coverage to Defendant Varni to cover the specific needs of Defendant Varni; the duty not to benefit their own interests ahead of Defendant Varni and the duty to act with due care to protect Defendant Varni; all of these breaches have, are and will actually and

proximately cause the above damages to Defendant Varni.

67.     The Plaintiffs, as the real parties in interest and equitable subrogees, are entitled to judgment against Defendants the amounts owed Plaintiffs for their loss.

## FOR A TENTH CAUSE OF ACTION
### (Equitable Indemnity)

68.     Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

69.     Defendant Varni now faces liability to the Plaintiffs due to the breach of contract, negligence and bad faith conduct by Defendants as set forth above all through no fault or negligence of Defendant Varni.

70.     Defendants' conduct as described above caused and resulted in Defendant Varni being liable to Plaintiffs for damages set forth above.

71.     Defendant Varni shares no responsibility or liability for Defendants' conduct.

72.     As a direct and proximate result of the Defendants's conduct, Defendant Varni suffered damages as set forth above and for which it is entitled to equitable indemnification from Defendants.

73.     The Plaintiffs as real parties in interest and equitable subrogees are therefore entitled to judgment against Defendants for the full amount of their damages.

## TRIAL BY JURY

74.     Plaintiffs demand a jury trial on all claims and issues triable.

WHEREFORE, Plaintiffs pray for judgment against Defendants in a sum sufficient to adequately compensate for actual damages, for such punitive damages as a jury may reasonably award, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

By: _____

Miles Loadholt - S.C. Bar #3378
P.O. Box 365
Barnwell, SC 29812
(803) 224-8812
ATTORNEY FOR PLAINTIFFS

October 20, 2014

STATE OF SOUTH CAROLINA,       IN THE COURT OF COMMON PLEAS

COUNTY OF ALLENDALE,       CASE  NO. 2014-CP-03- 220

ANDERSON OIL COMPANY, INC.,   )
AND TFL ASSOCIATES, LLC.,    )
                       )
        PLAINTIFFS,    )
                       )
    VS.             )       SUMMONS
                       )   (JURY TRIAL DEMANDED)
                       )   BREACH OF CONTRACT/
VARNI ENTERPRISE LLC, FIRST  )   INSURANCE BAD FAITH
CASUALTY INSURANCE GROUP,  )
INC, AND EMPLOYERS MUTUAL  )
CASUALTY COMPANY,       )
                       )
        DEFENDANTS.   )

TO THE DEFENDANTS ABOVE NAMED:

      YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy

of which is herewith served upon you, and to serve a copy of your Answer to said Complaint

upon the subscriber at his office at P.O. Box 365, Barnwell, South Carolina, within thirty (30)

days after the service hereof, exclusive of the day of such service, and if you fail to answer the

Complaint within the time aforesaid, Plaintiffs will apply to the Court for the relief demanded in

the Complaint and judgment by default will be rendered against you for the relief demanded in

the Complaint.

                       MOTLEY RICE, LLC

         By:    _____

                       Miles Loadholt - S.C. Bar #3378
                       P.O. Box 365
                       Barnwell, SC 29812
                       (803) 224-8812
                       ATTORNEY FOR PLAINTIFFS

OCTOBER  20, 2014

STATE OF SOUTH CAROLINA )     IN THE COURT OF COMMON PLEAS

COUNTY OF ALLENDALE. )

ANDERSON OIL COMPANY, INC., AND     CIVIL ACTION COVERSHEET
TFL ASSOCIATES, LLC,

vs.

2014 CP - 03 - 220

VARNI ENTERPRISE LLC. , FIRST )
CASUALTY INSURANCE GROUP, )
INC., AND EMPLOYERS MUTUAL )
CASUALTY COMPANY, )

                       Defendant(s) )

| (Please Print) | |
|---|---|
| Submitted By: MILES LOADHOLT | SC Bar #:   3378 |
| Address: P. O. BOX 365 | Telephone #:   (803)224-8812 |
|          BARNWELL, SC   29812 | Fax #:   (803)259-2960 |
| | Other: |
| | E-mail:   mloadholt@motleyrice.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete

☑ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts – Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☑ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Other (399) | ☐ Building Code Violation (460) |
| | | | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |
| | | | ☐ Other (999) |

| Special/Complex /Other | |
|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) |
| ☐ Other (699) | |

SCCA / 234 (4/06)                                      Page 1 of 3

Submitting Party Signature: _____     _____
                              MILES LOADHOLT

**OCTOBER 20, 2014**

## FOR MANDATED ADR COUNTIES ONLY
Florence, Horry, Lexington, Richland, Greenville**, and Anderson**
** Contact Respective County Clerk of Court for modified ADR Program Rules

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE
DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

You are required to take the following action(s):

1. The parties shall select a neutral within 210 days of filing of this action, and the Plaintiff shall file a
   "Stipulation of Neutral Selection" on or before the 224th day after the filing of the action. If the parties
   cannot agree upon the selection of the neutral within 210 days, the Plaintiff shall notify the Court by filing
   a written "Request for the Appointment of a Neutral" on or before the 224th day after the filing of this
   action. The Court shall then appoint a neutral from the Court-approved mediator/arbitrator list.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Case are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or
      prohibition;

   b. Cases which are appellate in nature such as appeals or writs of certiorari;

   c. Post Conviction relief matters;

   d. Contempt of Court proceedings;

   e. Forfeiture proceedings brought by the State;

   f. Cases involving mortgage foreclosures; and

   g. Cases that have been submitted to mediation with a certified mediator prior to the filing of this
      action.

4. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the
   Court within ten (10) days after the ADR conference had been concluded.

Please Note:    You must comply with the Supreme Court Rules regarding ADR.
                Failure to do so may affect your case or may result in sanctions.

STATE OF SOUTH CAROLINA    ) IN THE COURT OF COMMON PLEAS
                          ) FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF ALLENDALE        )
                          )
ANDERSON OIL COMPANY, INC. )
AND TFL ASSOCIATES, LLC,   )        C/A No.: 2014-CP-03-220
                          )
    Plaintiffs,           )
                          )
    vs.                   )        **DEFENDANT FIRST CASUALTY**
                          )        **INSURANCE GROUP, INC.'S**
                          )        **MOTION TO DISMISS**
VARNI ENTERPRISE, LLC, FIRST )
CASUALTY INSURANCE GROUP, INC. )
AND EMPLOYERS MUTUAL CASUALTY )
COMPANY,                   )
                          )
    Defendants.           )
_____)

TO:    MILES LOADHOLT, ESQ., ATTORNEY FOR PLAINTIFFS:

        YOU WILL PLEASE TAKE NOTICE THAT Defendant First Casualty Insurance

Group, Inc. ("First Casualty"), by and through their undersigned counsel, hereby moves the

Court, pursuant to Rules 8 and 12(b)(6) of the South Carolina Rules of Civil Procedure, for an

Order dismissing, with prejudice, the Complaint filed by Plaintiffs Anderson Oil Company, Inc.

and TFL Associates, LLC ("Plaintiffs") as to First Casualty, which Complaint includes claims

against First Casualty for breach of contract, negligence, negligent misrepresentation, promissory

estoppel, constructive fraud, breach of fiduciary duty, and equitable indemnity.  The grounds for

this Motion are as follows:

        (1)    Plaintiffs have no standing to assert any claim against Defendant First Casualty

Group because they are not equitable subrogees under South Carolina law;

        (2)    Plaintiffs have failed to plead facts sufficient to support each cause of action; and

        (3)    Plaintiffs have failed to allege the elements necessary to assert a claim for

constructive fraud and equitable indemnity.

CHARLESTON 384963v1

This motion is based upon the pleadings, all applicable statutory and common law, and any memorandum of law or other material that may be submitted to the Court before or at the hearing on this motion.

Respectfully submitted,

Susan Taylor Wall
Email: swall@mcnair.net
Amanda C. Williams
Email: awilliams@mcnair.net
MCNAIR LAW FIRM, P.A.
100 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843)723-7831

ATTORNEYS FOR DEFENDANT
FIRST CASUALTY INSURANCE GROUP, INC.

December 19, 2014
Charleston, South Carolina

2

STATE OF SOUTH CAROLINA     )    IN THE COURT OF COMMON PLEAS
                                        )    FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF ALLENDALE         )

ANDERSON OIL COMPANY, INC.,   )
AND TFL ASSOCIATES, LLC,      )    C/A No.: 2014-CP-03-220
                                          )
      Plaintiffs,              )
                                          )    **CERTIFICATE OF SERVICE**
      vs.                    )
                                          )
VARNI ENTERPRISE, LLC, FIRST   )
CASUALTY INSURANCE GROUP, INC.  )
AND EMPLOYERS MUTUAL CASUALTY )
COMPANY,                    )
                                          )
      Defendants.            )
                                          )

*[Stamp: FILED FOR RECORD 2014 DEC 22 PM 2:08 CLERK OF COURT ALLENDALE COUNTY, S.C.]*

     This is to certify that a copy of the foregoing **DEFENDANT FIRST CASUALTY INSURANCE GROUP, INC.'S MOTION TO DISMISS** has been served upon the following counsel of record via U.S. mail, postage prepaid, and addressed as shown below this *19* day of December, 2014:

Miles Loadholt, Esq.
Motley Rice, LLC
P.O. Box 365
Barnwell, SC 29812

*Attorney for Plaintiffs*

_Jeslyn Harvey_
MCNAIR LAW FIRM, P.A.
100 Calhoun Street, Suite 400
Charleston, South Carolina  29401
(843) 723-7831

3

CHARLESTON 384963v1

STATE OF SOUTH CAROLINA

COUNTY OF ALLENDALE

IN THE COURT OF COMMON PLEAS

CIVIL ACTION NO: 2014-CP-03-220

Anderson Oil Company, Inc.,
And TFL Associates, LLC,

Plaintiff,

v.

Varni Enterprise LLC, First Casualty
Insurance Group, Inc., and Employers Mutual
Casualty Company,

Defendants.

**ANSWER AND DEFENSES
ON BEHALF OF DEFENDANT VARNI
ENTERPRISE LLC**

This Defendant, Varni Enterprise LLC ("this Defendant"), hereby answers the Plaintiffs'

Complaint in defense and states as follows:

**FOR A FIRST DEFENSE
(General Denial)**

1.      This Defendant denies each and every allegation of the Plaintiffs' Complaint not

hereinafter specifically admitted.   In addition, this Defendant denies that it acted wrongfully in

any respect alleged in the Complaint and further denies that it is liable to the Plaintiffs.

2.      This Defendant admits Paragraph 1 of the Plaintiffs' Complaint upon information

and belief.

3.      This Defendant lacks sufficient information regarding Paragraph 2 and therefore

denies the allegations and demands strict proof thereof.

4.      This Defendant admits Paragraph 3 of the Plaintiffs' Complaint and states that

this Defendant is organized as a limited liability corporation.

5.      This Defendant lacks sufficient information regarding Paragraph 4 and therefore

denies the allegations and demands strict proof thereof

6.      In response to Paragraph 5 of the Plaintiffs' Complaint, this Defendant lacks

sufficient information and therefore denies the allegations and demands strict proof thereof.

1

7. This Defendant denies the allegations of Paragraph 6 of the Plaintiffs' Complaint.

8. In response to Paragraph 7 of the Plaintiffs' Complaint, this Defendant states that the allegations do not pertain to this Defendant so therefore no response is required. To the extent that a response is deemed necessary, this Defendant denies that it acted wrongfully in any respect alleged in the Plaintiffs' Complaint.

9. In response to Paragraph 8 of the Plaintiffs' Complaint, this Defendant admits that prior to the fire alleged in the Complaint a convenience store building containing contents were located on the premises but denies the remaining allegations of this paragraph 8 for lack of sufficient information and therefore demands strict proof thereof.

10. In response to Paragraphs 9 and 10 of the Plaintiffs' Complaint, this Defendant lacks sufficient information and therefore denies the allegations and demands strict proof thereof.

11. In response to Paragraph 11 of the Plaintiffs' Complaint, this Defendant admits that it leased the premises from Plaintiff Anderson and craves reference to all the terms and conditions of the lease agreement.

12. In response to the allegations of Paragraph 12 of the Plaintiffs' Complaint, this Defendant admits that the convenient store was damaged by fire on or about October 29, 2011 and craves reference to all the terms and conditions of the lease.

13. In response to Paragraph 13 of the Plaintiffs' Complaint, this Defendant admits that it contacted Defendant Agency to secure insurance coverage on the premises prior to the fire and also states that it began doing business with Defendant Agency in 2009 concerning insurance matters and reposed special trust and confidence in Defendant Agency in recommending insurance and advice in the selection of proper insurance to cover the particular risks to the premises and craves reference to all the terms and conditions of the lease agreement.

14.     In response to Paragraph 14 of the Plaintiffs' Complaint, this Defendant states that it informed Defendant Agency that it was leasing the premises from Plaintiff Anderson under a lease agreement and this Defendant craves reference to all the terms and conditions of the lease agreement. This Defendant reasonably relied on the assurances and recommendations of Defendant Agency that Defendant Agency would procure for Defendant Varni insurance coverage to meet the requirements of Defendant Varni's lease with Plaintiff Anderson. This Defendant lacks sufficient information relating to the remaining allegations of Paragraph 14 and therefore denies the same and demands strict proof thereof.

15.     In response to Paragraph 15 of the Plaintiffs' Complaint, this Defendant states that it contracted with Defendant Agency to secure an insurance policy that would satisfy the terms of the lease and that Defendant Agency procured a policy through Defendant Employers Mutual Casualty Company but lacks sufficient information of the remaining allegations of Paragraph 15 and demands strict proof thereof.

16.     In response to Paragraph 16 of the Plaintiff's Complaint, this Defendant states it contracted with Defendant Agency and paid premiums to Defendant Insurer to procure a policy to satisfy the terms of the agreement. This Defendant denies that it had any agreement with Plaintiff TFL.

17.     In response to Paragraph 17 of the Plaintiffs' Complaint, this Defendant states that the Defendant Agency knew that this Defendant had a lease with Plaintiff Anderson and requested insurance coverage to fully cover the premises but this Defendant lacks sufficient information and therefore denies the allegations and demands strict proof thereof the remaining allegations and craves reference to the terms and conditions of the policy.

18. In response to Paragraph 18 of the Plaintiffs' Complaint, this Defendant lacks sufficient information and therefore denies the allegations and demands strict proof thereof.

19. This Defendant admits the allegations of Paragraph 19 of the Plaintiffs' Complaint.

20. In response to Paragraph 20 of the Plaintiffs' Complaint, this Defendant states that it paid to Plaintiff Anderson all the monies that the Defendant Insurer paid to it for the building coverage under the policy. This Defendant denies that it is liable to the Plaintiff in any respect. This Defendant denies the remaining allegations of Paragraph 20 for lack of sufficient information at this time regarding the reasonable and necessary cost of repairs to the premises and therefore denies the same and demands strict proof thereof.

## FOR A FIRST DEFENSE AS TO FIRST CAUSE OF ACTION
### (Breach of Contract against Defendant Varni)

21. In response to Paragraph 21 of the Plaintiffs' Complaint, this Defendant repeats and re-alleges its answers to Paragraphs 1 through 20.

22. In response to Paragraph 22 of the Plaintiffs' Complaint, this Defendant states that it entered into a lease agreement with Plaintiff Anderson and craves reference to all the terms and conditions of the lease agreement.

23. This Defendant denies the allegations of Paragraph 23 and 24 of the Plaintiffs' Complaint.

## FOR A FIRST DEFENSE AS TO SECOND CAUSE OF ACTION
### (Negligence against Defendant Varni)

24. In response to Paragraph 25 of the Plaintiffs' Complaint, this Defendant repeats and re-alleges its answers to Paragraphs 1 through 24 above.

4

25.    This Defendant denies the allegations of Paragraph 26, 27 and 28 of the Plaintiffs' Complaint.  This Defendant also denies that it acted wrongfully in any respect alleged in the Plaintiffs' Complaint.

## FOR A FIRST DEFENSE AS TO THIRD CAUSE OF ACTION
### (Breach of Contract against Defendant Agency)

26.    In response to Paragraph 29 of the Plaintiffs' Complaint, this Defendant repeats and re-alleges its answers to Paragraphs 1 through 28 above.

27.    Paragraph 30 of the Plaintiffs' Complaint does not state a claim against this Defendant and states a legal conclusion to which no response is required, but to the extent a response is deemed necessary this Defendant states that it relied on Defendant Agency to procure coverage to satisfy the terms of the lease relating to the property and craves reference to the terms and conditions of the lease agreement.

28.    In response to Paragraphs 31, 32, and 33 of the Plaintiffs' Complaint, these Paragraphs do not assert any allegations against this Defendant so no response is required by this Defendant. To the extent that a response is deemed necessary by this Defendant, this Defendant denies all wrongful conduct and denies that it is liable to the Plaintiffs.

## FOR A FIRST DEFENSE AS TO FOURTH CAUSE OF ACTION
### (Breach of Contract against Defendant Insurer)

29.    In response to Paragraph 34 of the Plaintiffs' Complaint, this Defendant repeats and re-alleges its answers to Paragraphs 1 through 33 above.

30.    As to Paragraphs 35, 36 (including subparagraphs (a) through (e)), and 37 of the Plaintiffs' Complaint, these Paragraphs do not assert any allegations against this Defendant so no response is required by this Defendant. To the extent that a response is deemed required by this

Defendant, this Defendant denies all wrongful conduct and denies that it is liable to the Plaintiffs.

## FOR A FIRST DEFENSE AS TO FIFTH CAUSE OF ACTION
### (Negligence Against All Defendants for Breach of the Duty to Advise)

31.    In response to Paragraph 38 of the Plaintiffs' Complaint, this Defendant repeats and re-alleges its answers to Paragraphs 1 through 37 above.

32.    This Defendant admits the allegations of Paragraph 39 of the Plaintiffs' Complaint as they relate to this Defendant but lacks sufficient information as to the allegations as they relate to Plaintiff Anderson's relationship with Defendant Agency.

33.    In response to Paragraph 40 of the Plaintiffs' Complaint, this Defendant lacks sufficient information and therefore denies the allegations at this time and demands strict proof thereof.  Specifically, this Defendant lacks sufficient information at this time as to the reasonable and necessary cost of repairs to the premises.

34.    This Defendant admits the allegations of Paragraph 41 of the Plaintiffs' Complaint as they relate to this Defendant's relationship with Defendant Agency.

35.    In response to Paragraph 42 of the Plaintiffs' Complaint, this Defendant lacks sufficient information and therefore denies the allegations and demands strict proof thereof. Specifically, this Defendant at this time lacks sufficient information as to the reasonable and necessary costs of repairs to the premises.

36.    In response to Paragraph 43, this Defendant states that the Plaintiffs are not entitled to judgment against this Defendant.

6

## FOR A FIRST DEFENSE AS TO A SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation Against Defendant Agency and Defendant Insurer)

37.    In response to Paragraph 44 of the Plaintiffs' Complaint, this Defendant repeats and re-alleges its answers to Paragraphs 1 through 43.

38.    Paragraphs 45 through 53 and this Count do not assert any claims against this Defendant so no response is required by this Defendant.  To the extent that a response by this Defendant is deemed necessary, this Defendant denies that it acted wrongfully with respect to any allegations in the Complaint and denies that it is liable to the Plaintiffs.  This Defendant further states that it relied on Defendant Insurer to procure adequate insurance coverage.

## FOR A FIRST DEFENSE AS TO A SEVENTH CAUSE OF ACTION
### (Promissory Estoppel)

39.    In response to Paragraph 54 of the Plaintiffs' Complaint, this Defendant repeats and rc-alleges its answers to Paragraphs 1 through 53 above.

40.    This Defendant admits the allegations of Paragraphs 55 and 56 of the Plaintiffs' Complaint to the extent that Defendant Agency unambiguously promised and warranted to procure a policy to provide adequate protection in the event of a fire on the premises.

41.    In response to Paragraph 57 of the Plaintiffs' Complaint, this Defendant states that it reasonably relied on Defendant Agency's warranty or promise and that this Defendant is entitled to recover any damages that are the direct and proximate result of this Defendant's reliance on Defendant's warranties or promises.  This Defendant at this time lacks sufficient information as to the reasonable and necessary costs of repairs to the premises.

42.    In response to Paragraph 58 of the Plaintiffs' Complaint, this Defendant states that the Plaintiffs are not entitled to judgment against this Defendant.

7

## FOR A FIRST DEFENSE AS TO AN EIGHTH CAUSE OF ACTION
### (Constructive Fraud)

43.    In response to Paragraph 59 of the Plaintiffs' Complaint, this Defendant repeats and re-alleges its answers to Paragraphs 1 through 58 above.

44.    This Defendant admits the allegations of Paragraph 60 of the Plaintiffs' Complaint.

45.    In response to Paragraphs 61 and 62 of the Plaintiffs' Complaint, this Defendant lacks sufficient information and therefore denies the allegations and demands strict proof thereof. This Defendant at this time lacks sufficient information as to the reasonable and necessary costs of repairs to the premises.

46.    In response to Paragraph 63 of the Plaintiffs' Complaint, this Defendant states that the Plaintiffs are not entitled to judgment against this Defendant.

## FOR A FIRST DEFENSE AS TO A NINTH CAUSE OF ACTION
### (Breach of Fiduciary Duties)

47.    In response to Paragraph 64 of the Plaintiffs' Complaint, this Defendant repeats and re-alleges its answers to Paragraphs 1 through 63 above.

48.    In response to Paragraph 65 and 66 of the Plaintiffs' Complaint, this Defendant states that Defendant Agency owed a duty to this Defendant and was aware or should have been aware of the expectations and insurance needs of this Defendant but lacks sufficient information at this time regarding the remaining allegations and demands strict proof thereof. This Defendant at this time lacks sufficient information as to the reasonable and necessary costs of repairs to the premises.

49.    In response to Paragraph 67 of the Plaintiffs' Complaint, this Defendant states that the Plaintiffs are not entitled to judgment against this Defendant.

8

## FOR A FIRST DEFENSE AS TO A TENTH CAUSE OF ACTION
### (Equitable Indemnity)

50.    In response to Paragraph 68 of the Plaintiffs' Complaint, this Defendant repeats and re-alleges its answers to Paragraphs 1 through 67 above.

51.    In response to Paragraph 69 of the Plaintiffs' Complaint, this Defendant admits that any damages incurred by the Plaintiffs, if any, were not the result of any fault or negligence of this Defendant but lacks sufficient information regarding the remaining allegations and demands strict proof thereof.  This Defendant at this time lacks sufficient information as to the reasonable and necessary costs of repairs to the premises.

52.    In response to Paragraph 70 of the Plaintiffs' Complaint, this Defendant denies that it is liable to the Plaintiffs for damages alleged in the Complaint.

53.    This Defendant admits the allegations of Paragraph 71 of the Plaintiffs' Complaint.

54.    In response to Paragraph 72 of the Plaintiffs' Complaint, this Defendant denies that its conduct caused any damages to the Plaintiffs.  This Defendant at this time lacks sufficient information as to the reasonable and necessary costs of repairs to the premises.

55.    In response to Paragraph 73 of the Plaintiffs' Complaint, this Defendant states that the Plaintiffs are not entitled to judgment against this Defendant for any damages.

56.    In response to Paragraph 74, this Defendant demands a jury trial on all claims and issues triable to a jury.

## FOR A SECOND DEFENSE

57.    The Complaint fails to state a claim upon which relief can be granted as to this Defendant and accordingly, this Defendant is entitled to judgment as a matter of law pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

### FOR A THIRD DEFENSE

58.    This Defendant would show that the Plaintiffs' claim against this Defendant is barred by the applicable Statute of Limitations and/or the doctrine of laches.

### FOR A FOURTH DEFENSE

59.    The Defendant would show, upon information and belief, that venue is not proper in Allendale County.

### FOR A FIFTH DEFENSE

60.    This Defendant would show, upon information and belief, that any injuries or damages sustained by the Plaintiffs, which are specifically denied, were the result of the acts or omissions of others not in the employ or control of this Defendant and, therefore, the Plaintiffs cannot recover from this Defendant in any sum whatsoever.

### FOR A SIXTH DEFENSE

61.    This Defendant would herein show that any liability against this Defendant, which is denied, must be determined and apportioned consistent with the provisions of the South Carolina Contribution Among Joint Tortfeasors Act, South Carolina Code of Laws § 15-38-10, et seq.

### FOR A SEVENTH DEFENSE

62.    This Defendant would show, upon information and belief, that any injuries or damages sustained by the Plaintiff were due to his own negligent, careless, reckless and grossly negligent acts or omissions which combined and concurred with any negligence on the part of the Defendants, which is specifically denied as to this Defendant, to produce such injuries or damages, if any, and without which such injuries or damages would not have occurred.  This Defendant pleads such negligence, carelessness, recklessness and gross negligence on the part of

10

the Plaintiffs and would ask that this court compare the negligence of the Plaintiffs and the Defendants and if it is determined that the Plaintiffs' negligence, carelessness, recklessness and gross negligence was greater than the negligence, carelessness, recklessness and gross negligence of the Defendants, which is specifically denied as to this Defendant, then the Plaintiff should be totally barred from recovery and if it is determined that the Plaintiffs' negligence, carelessness, recklessness and gross negligence is equal to or less than the negligence of the Defendants, then the amount of recovery available to the Plaintiffs should be reduced by the percentage of the Plaintiffs' own negligence, carelessness, recklessness and gross negligence.

## FOR AN EIGHTH DEFENSE

63.     This Defendant alleges that it did not breach any terms of the lease agreement. This Defendant further states that, upon information and belief, Plaintiff Anderson does not hold an ownership interest in the property and that this Defendant had no contract with Plaintiff TFL.

## FOR A NINTH DEFENSE

64.     This Defendant would show that the Plaintiff has failed to state a claim for which punitive damages are recoverable under any applicable law against this Defendant as there is no reckless, willful, wanton, or grossly negligent conduct on the part of this Defendant; therefore, Plaintiffs' claims for punitive damages should be dismissed as to this Defendant.

## FOR A TENTH DEFENSE

65.     The Plaintiffs' damages, if any, are barred to the extent the Plaintiffs failed to mitigate their damages.

## FOR AN ELEVENTH DEFENSE

66.     Defendant would show that any alleged damages sustained by the Plaintiff, which are denied, were the result of an intervening negligent act of a third person or persons beyond the

control of this Defendant and that such intervening negligent act was not intended by this Defendant and could not be foreseen by this Defendant and any causal connection between any alleged negligence of this Defendant and the accident is broken by such intervening negligent act and this Defendant is not liable to the Plaintiff.

## FOR A TWELFTH DEFENSE

67.    This Defendant would show that if the Plaintiffs are entitled to any recovery against it, which is specifically denied, then this Defendant is entitled to a set off of all sums of monies recovered from other potentially liable parties herein or monies obtained from any other source obtained by or on behalf of the Plaintiffs by way of the settlement, judgment, or otherwise, which Plaintiffs recovered from any other potentially responsible party.

## FOR A THIRTEENTH DEFENSE

68.    Any injuries sustained by the Plaintiffs were due to and caused by the intervening and superseding acts of negligence, carelessness, recklessness, and gross negligence on the part of third persons as a proximate cause of injuries as alleged, if any, and therefore, this Defendant should not be liable to the Plaintiff in any sum whatsoever.

## FOR A FOURTHEENTH DEFENSE

69.    This Defendant specifically reserves the right to assert any further defenses as may be revealed by additional information acquired during discovery or otherwise from any other party herein.  This Defendant further reserves the right to amend this Answer to the Plaintiffs' Complaint to assert any other applicable defenses and to assert any applicable counterclaims.

12

**WHEREFORE**, having fully answered, the Defendant prays that the Plaintiffs' Complaint be dismissed with costs and for all other relief deemed appropriate by this Honorable Court.  This Defendant demands a jury trial.

MURPHY & GRANTLAND, P.A.

_____
Jeffrey C. Kull, Esquire
4406-B Forest Drive
Post Office Box 6648
Columbia, South Carolina 29260
(803) 782-4100
(803) 782-4140 (facsimile)
Email:  jkull@murphygrantland.com

*Attorneys for Defendant Varni Enterprise LLC*

Columbia, South Carolina
January 8, 2015

13

STATE OF SOUTH CAROLINA

COUNTY OF ALLENDALE

IN THE COURT OF COMMON PLEAS

CIVIL ACTION NO: 2014-CP-03-220

Anderson Oil Company, Inc.,
And TFL Associates, LLC,

Plaintiff,

v.

Varni Enterprise LLC, First Casualty
Insurance Group, Inc., and Employers Mutual
Casualty Company,

Defendants.

**CERTIFICATE OF SERVICE**

I, the undersigned employee of the law offices of Murphy & Grantland, P.A., Attorneys for Defendant Varni Enterprise, LLC, do hereby certify that on January 8, 2015, I have served a copy of the foregoing Answer and Defenses on behalf of Defendant Varni Enterprise, LLC in connection with the above-referenced case placing same in the U.S. mail, postage paid AND emailing to:

Miles Loadholt, Esquire
P.O. Box 365
Barnwell, SC 29812
mloadholt@motleyrice.com

Helene W. Sessler

Columbia, South Carolina

1

STATE OF SOUTH CAROLINA

COUNTY OF ALLENDALE

Anderson Oil Company, Inc., and TFL Associates, LLC,

Plaintiffs,

vs.

Varni Enterprise LLC, First Casualty Insurance Group, Inc., and Employers Mutual Casualty Company,

Defendants.

IN THE COURT OF COMMON PLEAS

CIVIL ACTION NO: 2014-CP-03-0220

**DEFENDANT VARNI ENTERPRISE'S MOTION TO TRANSFER VENUE**

TO:    MILES LOADHOLT, ESQUIRE, ATTORNEY FOR PLAINTIFFS, AND TO THE PLAINTIFFS ABOVE NAMED:

**YOU WILL PLEASE TAKE NOTICE** that the Defendant, Varni Enterprise LLC (hereinafter "Defendant Varni"), by its undersigned attorney will move before the Presiding Judge of the Allendale County Court of Common Pleas at the Allendale County Courthouse at 10:00 a.m. on the tenth (10th) day after service hereof, or as soon thereafter as counsel may be heard for an Order transferring venue in the above-captioned case from Allendale County to Orangeburg County, pursuant to Rule 12(b)(3) of the South Carolina Rules of Civil Procedure, on the grounds that Defendant Varni's principal place of business is in Orangeburg County, South Carolina, and the most substantial part of the alleged act or omission giving rise to Plainitffs' causes of action occurred in Orangeburg, South Carolina. Accordingly, Defendant Varni respectfully contends that the Orangeburg County Court of Common Pleas is the proper venue for this case. This Motion is made pursuant to South Carolina Code §15-7-30 and South Carolina Code §15-7-100 and will be supported by the pleadings herein, applicable case law, and affidavits as appropriate.

*[Signature on Following Page]*

MURPHY & GRANTLAND, P.A.

_____

Jeffrey C. Kull, Esquire
4406-B Forest Drive
Post Office Box 6648
Columbia, South Carolina 29260
(803) 782-4100
(803) 782-4140 (facsimile)
Email:  jkull@murphygrantland.com

*Attorney for Defendant Varni Enterprise LLC*

Columbia, South Carolina
January 8, 2015

STATE OF SOUTH CAROLINA           IN THE COURT OF COMMON PLEAS

COUNTY OF ALLENDALE             CIVIL ACTION NO:  2014-CP-03-220

Anderson Oil Company, Inc.,
And TFL Associates, LLC,
                  Plaintiff,

v.

Varni Enterprise LLC, First Casualty          **CERTIFICATE OF SERVICE**
Insurance Group, Inc., and Employers Mutual
Casualty Company,
               Defendants.

         I, the undersigned employee of the law offices of Murphy & Grantland, P.A., Attorneys

for Defendant Varni Enterprise, LLC, do hereby certify that on January 8, 2015, I have served a

copy of the foregoing DEFENDANT VARNI ENTERPRISE'S MOTION TO TRANSFER

VENUE in connection with the above-referenced case placing same in the U.S. mail, postage

paid AND emailing to:

Miles Loadholt, Esquire
P.O. Box 365
Barnwell, SC 29812
mloadholt@motleyrice.com

                               _Helene W. Sessler_
                               Helene W. Sessler

Columbia, South Carolina

1

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ALLENDALE | ) | |
| | ) | |
| Anderson Oil Company, Inc., and TFL Associates, LLC, | ) | CASE NO. 2014-CP-03-0220 |
| ☐ Plaintiff | ) | |
| v. | ) | |
| | ) | MOTION AND ORDER INFORMATION |
| Varni Enterprise LLC, First Casualty Insurance Group, | ) | FORM AND COVER SHEET |
| Inc., and Employers Mutual Casualty Company, | ) | |
| ☒ Defendant. | ) | |

| Plaintiff's Attorney: | Defendant's Attorney: |
|---|---|
| Miles Loadholt, Esquire | Jeffrey C. Kull, Esquire |
| P.O. Box 365 | Post Office Box 6648 |
| Barnwell, SC 29812 | Columbia, South Carolina 29260 |
| Phone: 803-224-8812 | Phone: (803) 782-4100 Fax: (803) 782-4140 |
| Email: mloadholt@motleyrice.com | Email: jkull@murphygrantland.com |

☒ **MOTION HEARING REQUESTED** (attach written motion and complete SECTIONS I and III)
☐ **FORM MOTION, NO HEARING REQUESTED** (complete SECTIONS II and III)
☐ **PROPOSED ORDER/CONSENT ORDER** (complete SECTIONS II and III)

**SECTION I: Hearing Information**

Nature of Motion: Transfer Venue
**Estimated Time Needed: 15 mins**          **Court Reporter Needed:** ☒ YES / ☐ NO

**SECTION II: Motion/Order Type**

☒ Written motion attached
☐ Form Motion/Order
        I hereby move for relief or action by the court as set forth in the attached proposed order.

        _____          January 8, 2015
        Signature of Attorney for ☐ Plaintiff / ☒ Defendant          Date submitted

**SECTION III: Motion Fee**

☒ PAID – AMOUNT: $25
☐ EXEMPT:      ☐ Rule to Show Cause in Child or Spousal Support
(check reason)   ☐ Domestic Abuse or Abuse and Neglect
        ☐ Indigent Status      ☐ State Agency v. Indigent Party
        ☐ Sexually Violent Predator Act      ☐ Post-Conviction Relief
        ☐ Motion for Stay in Bankruptcy
        ☐ Motion for Publication      ☐ Motion for Execution (Rule 69, SCRCP)
        ☐ Proposed order submitted at request of the court; or,
            reduced to writing from motion made in open court per judge's instructions
        Name of Court Reporter:
        ☐ Other:

| **JUDGE'S SECTION** | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. | |
| ☐ Other: | JUDGE _____ |
| | CODE: _____ Date: _____ |

**CLERK'S VERIFICATION**

                                                              Date Filed:

Collected by: _____

☐ MOTION FEE COLLECTED: _____
☐ CONTESTED – AMOUNT DUE: _____

SCCA/233 (11-03)

STATE OF SOUTH CAROLINA

COUNTY OF ALLENDALE

Anderson Oil Company, Inc., and TFL Associates, LLC,

Plaintiffs,

vs.

Varni Enterprise LLC, First Casualty Insurance Group, Inc., and Employers Mutual Casualty Company,

Defendants.

IN THE COURT OF COMMON PLEAS

CIVIL ACTION NO: 2014-CP-03-0220

**DEFENDANT VARNI ENTERPRISE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

**TO:    MILES LOADHOLT, ESQUIRE, ATTORNEY FOR PLAINTIFFS, AND TO THE PLAINTIFFS ABOVE NAMED:**

Defendant Varni Enterprise LLC ("Defendant Varni") herein submits this Memorandum of Law in support of its Motion to Transfer Venue.

## PLAINTIFF'S ALLEGATIONS

On October 29, 2011, a fire damaged a convenience store located at 324 Main Street North, Allendale, South Carolina ("the premises"). (Compl. ¶ 12). At the time of the fire, Plaintiff TFL Associates, LLC ("TFL") owned the premises and was leasing the premises to Plaintiff Anderson Oil Company, Inc. ("Anderson Oil"). Anderson Oil was in turn subleasing the premises to Defendant Varni with the permission of TFL. (Compl. ¶¶ 8-12). The lease between Anderson Oil and Defendant Varni required Defendant Varni to secure insurance coverage on the premises. (Compl. ¶ 13). Defendant Varni obtained such coverage through Defendant First Casualty Insurance Company ("Defendant First Casualty"), which procured coverage from Defendant Employers Mutual Casualty Company ("Defendant Employers Mutual") on the premises for Defendant Varni. (Compl. ¶¶ 14-15).

Following the fire, Defendant Varni submitted a claim under the insurance policy procured by Defendant First Casualty and issued by Defendant Employers Mutual. (Compl. ¶ 19). However, the Plaintiffs allege that the coverage under the policy did not cover the entire cost of the damages to the premises. (Compl. ¶ 20).

## LAWSUIT

On October 20, 2014, TFL and Anderson Oil filed the instant action alleging claims against Defendant Varni, Defendant First Casualty, and Defendant Employers Mutual for claims including breach of contract, negligence, negligent misrepresentation, promissory estoppel, constructive fraud, breach of fiduciary duty, and equitable indemnity. These claims are premised on the Plaintiffs' claims that the Defendants failed to procure and/or issue sufficient insurance coverage.

## ARGUMENT

I.   THE COURT SHOULD TRANSFER THIS CASE TO THE ORANGEBURG COUNTY COURT OF COMMON PLEAS BECAUSE DEFENDANT VARNI'S PRINCIPAL PLACE OF BUSINESS IS IN ORANGEBURG AND THE MOST SUBSTANTIAL PART OF THE ALLEGED ACT OR OMISSION GIVING RISE TO PLAINTIFFS' CAUSES OF ACTION OCCURRED IN ORANGEBURG.

Section 15-7-30 governs venue for civil actions in South Carolina. The statute provides that "the action must be tried in the county where it properly may be brought and tried against the defendant according to the provisions of this section." S.C. Code § 15-7-30(B) (emphasis added). Under the plain language of the statute, if the action is against a domestic limited liability company such as Defendant Varni, proper venue is in the county where (1) the corporation, limited partnership, limited liability company, or limited liability partnership has its principal place of business at the time the cause of action arose; or (2) the most substantial part of the alleged act or omission giving rise to the cause of action occurred. S.C. Code § 15-7-30(E). The right of a defendant in a civil action to a trial in the County of his residence, pursuant to the statute, is a

2

substantial right. *McMillan v. B. L. Montague Co.*, 238 S.C. 512, 517–18, 121 S.E.2d 13, 15 (1961).

Defendant Varni's principal place of business is in Orangeburg, making venue in Orangeburg County appropriate under S.C. Code § 15-7-30(E)(1). (Ex. A: Patel Affidavit). However, Plaintiffs allege in their Complaint that venue in Allendale County is appropriate because "the most substantial part of the acts or omissions giving rise to the causes of action stated herein occurred in Allendale County, South Carolina." (Complaint ¶ 6). While Plaintiffs' Complaint does not further specify the basis for this assertion, the only connection to Allendale County is the location of the insured premises where the fire occurred. However, the allegations forming the basis of Plaintiffs' claims focus on the procurement and issuance of an insurance policy to Defendant Varni, not the fire or premises themselves. The issues to be resolved in this case primarily address the facts and circumstances surrounding the actual procurement and issuance of the insurance policy. The procurement of the insurance policy took place in Orangeburg prior to any fire on the premises. (Ex. A: Patel Affidavit). Thus, venue is proper in Orangeburg County because the most substantial part of the alleged acts or omissions giving rise to Plaintiffs' claims occurred in Orangeburg. *See Mathis v. Brown & Brown of S. Carolina, Inc.*, 389 S.C. 299, 321, 698 S.E.2d 773, 784 (2010) (determining that venue was proper in Spartanburg County under S.C. Code § 15-7-30(E)(2) where "the central issue to the case is going to be the contract or the existence of the contract . . . [and] it appears that Spartanburg is the primary county for purposes of the contract").

The central issue in this case involves conduct surrounding the issuance and procurement of the insurance policy covering the premises. This conduct occurred in Orangeburg County. Plaintiff should not be allowed to rely on the situs of the premises, which has little relevance to the claims being asserted in the instant action, to assert that venue is proper in Allendale County.

3

Any alleged acts or omissions regarding the insurance policy occurred in Orangeburg County. Accordingly, this Court should grant Defendant Varni's Motion and transfer the case to Orangeburg County Court of Common Pleas pursuant to S.C. Code § 15-7-30(E).

## II. THE COURT SHOULD TRANSFER THIS CASE TO THE ORANGEBURG COUNTY COURT OF COMMON PLEAS FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES AND THE ENDS OF JUSTICE.

Venue in Orangeburg County is also appropriate pursuant to S.C. Code Ann. § 15-7-100, which specifies that a Court may change the place of trial if "the convenience of witnesses and the ends of justice would be promoted by the change." S.C. Code Ann. § 15-7-100. "Unlike the determination of residency, which is a question of law, it is within the trial judge's discretion to determine whether to grant a motion to change venue based on the convenience of the witnesses and the ends of justice." *Whaley v. CSX Transp., Inc.,* 362 S.C. 456, 476, 609 S.E.2d 286, 296 (2005). The party seeking to transfer venue under this provision has the burden of making a prima facie showing that both the convenience of the witnesses and the ends of justice would be promoted by the change. *Brice v. State Co.,* 193 S.C. 137, 7 S.E.2d 850 (1940). Although both requirements must be met, a showing of the convenience of the witnesses can, depending on the facts of the case, bear on the issue of promotion of justice. *McKissick v. J.F. Cleckley & Co.,* 325 S.C. 327, 335, 479 S.E.2d 67, 71 (Ct. App. 1996).

Here, the insurance policy covering the premises was issued to Defendant Varni in Orangeburg, the principal place of Defendant Varni's business. Defendant First Casualty, the entity which procured the insurance policy, travelled to Orangeburg to met with the representative of Defendant Varni to discuss coverage issues. Because the actual conduct at issue, that is, the procurement and/or issuance of the insurance policy, occurred in Orangeburg County, the Orangeburg County Court of Common Pleas provides a more convenient forum for all Defendants. Further, the potential witnesses involved in the procurement of the insurance contract are located in

4

Orangeburg County and/or will testify to relevant conduct occurring in Orangeburg County. Additionally, transferring the case to the Orangeburg Court of Common Pleas would not burden or unfairly prejudice Plaintiffs, as both Anderson Oil and TFL are corporations registered in Barnwell County, not Allendale County.

The convenience of the parties and witnesses and the interests of justice suggest that the case should be transferred to Orangeburg County. *See Varnadoe v. Hicks*, 264 S.C. 216, 219, 213 S.E.2d 736, 738 (1975) ("Convenience of witnesses is 'a factor to be considered by the circuit judge . . . in deciding whether the ends of justice would be promoted by changing the place of trial.'"). Accordingly, this Court should grant Defendant Varni's Motion and exercise its discretion to transfer the case to the Orangeburg County Court of Common Pleas pursuant to S.C. Code Ann. § 15-7-100.

## CONCLUSION

For the foregoing reasons, Defendant Varni respectfully requests that this Court grant its Motion to Transfer Venue to Orangeburg County, the appropriate venue for this action pursuant to S.C. Code § 15-7-30(E) and/or S.C. Code Ann. § 15-7-100.

**MURPHY & GRANTLAND, P.A.**

Jeffrey C. Kull, Esquire
4406-B Forest Drive
Post Office Box 6648
Columbia, South Carolina 29260
(803) 782-4100
(803) 782-4140 (facsimile)
Email: jkull@murphygrantland.com

*Attorney for Defendant Varni Enterprise LLC*

Columbia, South Carolina
May 13, 2015

5

STATE OF SOUTH CAROLINA

COUNTY OF ALLENDALE

Anderson Oil Company, Inc., and TFL Associates, LLC,

                                              Plaintiffs,

vs.

Varni Enterprise LLC, First Casualty Insurance Group, Inc., and Employers Mutual Casualty Company,

                                              Defendants.

IN THE COURT OF COMMON PLEAS

CIVIL ACTION NO:  2014-CP-03-0220


**AFFIDAVIT OF P.J. PATEL**

**PERSONALLY APPEARED BEFORE ME**, the undersigned, who after being duly sworn, deposes and says that I have knowledge of and testify as follows:

1. I am an authorized representative of Varni Enterprise, LLC.

2. Varni Enterprise has its office in Orangeburg, South Carolina at 1998 Carolina Avenue.

3. Varni Enterprise has had this same office since at least 2007.   This is the only company office Varni Enterprise has.

4. Varni Enterprise entered into a lease agreement with Anderson Oil, Inc. in 2007 to operate a convenience store at 324 Main Street North in Allendale.

5. I personally met with a representative of First Casualty Insurance Group, Inc. to obtain an insurance policy for the Allendale convenient store.

6. My meeting with the representative of First Casualty occurred at the Varni Enterprise office in Orangeburg.

7. All of my dealings with First Casualty have occurred at the Varni Enterprise office in Orangeburg.

8. First Casualty procured an insurance policy on behalf of Varni Enterprise for the Allendale convenience store.

**EXHIBIT**

A

9.  I applied for the policy at the Varni Enterprise office in Orangeburg.

10. The policy was sent to the Varni Enterprise office in Orangeburg.

_____
P.J. Patel

SWORN to and subscribed before me
This  12  day of  May  , 2015
_Sarah a. Williams_____ (L.S.)
Notary Public for South Carolina
My Commission Expires: _10-19-19_

2

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA, | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF ALLENDALE. | ) | |
| | ) | |
| ANDERSON OIL COMPANY, INC., | ) | CASE NO. 2014-CP-03-220 |
| AND TFL ASSOOCIATES, LLC | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| -VS- | ) | NOTICE OF MOTION AND MOTION |
| | ) | |
| VARNI ENTERPRISES, LLC, FIRST | ) | |
| CASUALTY INSURANCE GROUP, INC. | ) | |
| AND EMPLOYERS MUTUAL CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

TO:    THE HONORABLE PERRY M. BUCKNER, CHIEF  ADMINISTRATIVE JUDGE, AND THE ALLENDALE
       COUNTY CLERK OF COURT:

       YOU WILL PLEASE TAKE NOTICE that Plaintiff, by and through its undersigned counsel,
And with good cause shown, hereby moves for an Order of Continuance as to Defendant's Motion to
Dismiss, currently scheduled to be heard May 18, 2015.    Said Motion is based on the grounds that
Plaintiff's Attorney and Attorney for Defendant, Varni Enterprises, LLC have reached an agreement
whereas Varni Enterprises LLC assigns all of its rights to Plaintiff, Anderson Oil Company, Inc and Attorneys
for Anderson Oil Company, Inc.  and Varni Enterprises, LLC need additional time to finalize said
assignment.


                              _____
                              MILES LOADHOLT
                              ATTORNEY AT LAW
                              P. O. BOX 365
                              BARNWELL, SC  29812
                              ATTORNEY FOR PLAINTIFF
                              ANDERSON OIL COMPANY, INC.
                              (803-224-8812)


May 13, 2015
Barnwell, SC

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF ALLENDALE ) | |
| ) | |
| ANDERSON OIL COMPANY, INC., ) | |
| AND TFL ASSOCIATES, LLC, ) | C/A No.: 2014-CP-03-220 |
| ) | |
| Plaintiffs, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| VARNI ENTERPRISE, LLC, FIRST ) | |
| CASUALTY INSURANCE GROUP, INC. ) | |
| AND EMPLOYERS MUTUAL CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Plaintiffs Anderson Oil Company, Inc. ("Anderson Oil") and TFL Associates, LLC's ("TFL") (collectively referred to herein as "Plaintiffs") Motion for Continuance of Defendant First Casualty Insurance Group, Inc.'s Motion to Dismiss, which is scheduled for a hearing on May 18, 2015. For the reasons set forth below, the Court GRANTS Plaintiffs' Motion.

Plaintiffs have advised the Court that Varni Enterprise, LLC has agreed to assign to Plaintiff Anderson Oil rights it may have against First Casualty Group, Inc. Plaintiff Anderson Oil then intends to assign rights to Plaintiff TFL. After an assignment of rights is executed, Plaintiffs will file an amended complaint. Accordingly, the Court allows Plaintiffs until Friday, June 12, 2015 to execute an assignment of rights and file and serve an amended complaint. Defendants do not waive any rights or defenses they may have.

AND IT IS SO ORDERED.

HONORABLE PERRY M. BUCKNER, III

June 9, 2015
Walterboro, South Carolina

CHARLESTON 396013v1

**Buckner, Perry M. Law Clerk (Thomas Crouch)**

| | |
|---|---|
| **From:** | Williams, Amanda <AWilliams@mcnair.net> |
| **Sent:** | Wednesday, May 27, 2015 9:30 AM |
| **To:** | Buckner, Perry M. Law Clerk (Thomas Crouch) |
| **Cc:** | 'Jeff C. Kull'; 'mloadholt@motleyrice.com'; Wall, Susan |
| **Subject:** | RE: Anderson Oil, et al. v. Varni Enterprises, et al.--Motion for Continuance |
| **Attachments:** | CHARLESTON-#396013-v1-Order_Continuing_Motion_to_Dismiss_(First_Casualty....doc |

Thomas,

I wanted to follow-up on the attached Order to which all counsel consented. We forwarded the Order for Judge Buckner's review and signature on May 15 and wanted to confirm that he received the same. Please let us know if you need anything else. Thank you.

Best Regards,
Amanda



**Amanda C. Williams**
Associate
awilliams@mcnair.net | 843 973 6875 Direct

**McNair Law Firm, P.A.**
**Charleston Office** 100 Calhoun Street | Suite 400 | Charleston, SC 29401
843 723 7831 Main | 843 722 3227 Fax
**Mailing** Post Office Box 1431 | Charleston, SC 29402
**VCard | Bio URL | Web site**

**From:** Williams, Amanda
**Sent:** Friday, May 15, 2015 3:35 PM
**To:** 'Buckner, Perry M. Law Clerk (Thomas Crouch)'
**Cc:** 'Jeff C. Kull'; 'mloadholt@motleyrice.com'; Wall, Susan
**Subject:** RE: Anderson Oil, et al. v. Varni Enterprises, et al.--Motion for Continuance

Thomas,

I apologize. I just spoke with Jeff Kull and Miles Loadholt and they requested an additional change to the Order which they overlooked yesterday. I have made that change and the Order is attached. All counsel have agreed to the attached Order and they are all copied to this email. Accordingly, we request that Judge Buckner sign the Order and return the original to us for filing with the Court. Thank you and please let me know if you have any questions.

Best Regards,
Amanda

**From:** Williams, Amanda
**Sent:** Friday, May 15, 2015 2:43 PM
**To:** Buckner, Perry M. Law Clerk (Thomas Crouch)
**Cc:** Jeff C. Kull; mloadholt@motleyrice.com; Wall, Susan
**Subject:** RE: Anderson Oil, et al. v. Varni Enterprises, et al.--Motion for Continuance

1

STATE OF SOUTH CAROLINA

COUNTY OF ALLENDALE

IN THE COURT OF COMMON PLEAS

Anderson Oil Company, Inc., et al.
☐ Plaintiff,

vs.

First Casualty Insurance Group, Inc., et al.,
☒ Defendants.

)
)
)
)
)
)
)
)
)
)

CASE NO.

2014-CP-03-220

MOTION AND ORDER INFORMATION
FORM AND COVER SHEET

| Plaintiffs' Attorney: Miles Loadholt, Esq. | Defendant's Attorney: Amanda C. Williams, Esq. |
|---|---|
| Bar No. | Bar No. |
| Address: P.O. Box 365 | Address: 100 Calhoun Street, Suite 400 |
|        Barnwell, SC 29812 |        Charleston, SC 29401 |
| phone: 803-224-8812     fax: 803-259-2960 | phone: 843-973-6875     fax: 843-722-3227 |
| email: mloadholt@motleyrice.com  other: | email: awilliams@mcnair.net  other: |

## CERTIFICATE OF SERVICE

☐ **MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐ **FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☒ **PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II AND III)**

### SECTION I: Hearing Information

Nature of Motion: Order Granting Plaintiffs' Motion for Continuance of Defendant First Casualty's MTD

Estimated Time Needed:                     Court Reporter Needed: ☐ YES  ☒ NO

### SECTION II: Motion/Order Type

☐ Written motion attached
☒ Form Motion/Order

I hereby move for relief or action by the court as set forth in the attached proposed order.

*Amanda Williams* _____

Signature of Attorney for ☐ Plaintiff / ☒ Defendant  Date Submitted

### SECTION III: Motion Fee

☒ PAID – AMOUNT: *$25.00*
☐ EXEMPT:          ☐ Rule to Show Cause in Child or Spousal Support
(check reason)      ☐ Domestic Abuse or Abuse and Neglect
                 ☐ Indigent Status    ☐ State Agency v. Indigent Party
                 ☐ Sexually Violent Predator Act    ☐ Post-Conviction Relief
                 ☐ Motion for Stay in Bankruptcy
                 ☐ Motion for Publication  ☐ Motion for Execution (Rule 69, SCRCP)
                 ☐ Proposed order submitted at request of the court; or,
                    reduced to writing from motion made in open court per judge's instructions
                    Name of Court Reporter:
                 ☐ Other:

| JUDGE'S SECTION | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. | _____ |
| ☐ Other: | JUDGE |
| | CODE: _____ Date: _____ |

### CLERK'S VERIFICATION

Date Filed:

Collected by: _____

☐ MOTION FEE COLLECTED: _____
☐ CONTESTED – AMOUNT DUE: _____

SCCA/233 (11-03)

STATE OF SOUTH CAROLINA

COUNTY OF ALLENDALE

IN THE COURT OF COMMON PLEAS
C/A #2014-CP-03-0220

ANDERSON OIL COMPANY, INC.,
And TFL ASSOCIATES, LLC.,

        PLAINTIFFS,

-VS-

VARNI ENTERPRISES LLC, FIRST
CASUALTY INSURANCE GROIUP,
INC AND EMPLOYERS MUTUAL
CASUALTY COMPANY,

        DEFENDANTS.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

AMENDED COMPLAINT
(JURY TRIAL DEMANDED)
(BREACH OF CONTRACT/
INSURANCE BAD FAITH)
(JURY TRIAL DEMANDED)

ELAINE SABB
CLERK OF COURT
ALLENDALE COUNTY, S.C.

2015 JUN 12  PM 12: 28

FILED FOR RECORD

        Plaintiffs, both individually and as real parties in interest pursuant to Rule 17, SCRCP, hereby claim against the Defendants as follows:

        1.     Plaintiff Anderson Oil Company, Inc. (hereinafter Plaintiff Anderson) is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina.

        2.     Plaintiff TFL Associates, LLC (hereinafter Plaintiff TFL) is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina.

        3.     Defendant Varni Enterprise LLC (hereinafter Defendant Varni)  is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina.

        4.     Defendant First Casualty Insurance Group, Inc. (hereinafter Defendant Agency) is a corporation organized and existing under the laws of a state other than South Carolina with its

principal place of business in a state other than the State of South Carolina; Defendant Agency

has subjected itself to the jurisdiction of this Court through its commission of a tortious act in

whole within the State of South Carolina pursuant to South Carolina Code Ann. §36-2-

803(A)(3).

5.     Defendant Employers Mutual Casualty Company (hereinafter Defendant Insurer)

is a corporation organized and existing under the laws of a state other than the State of South

Carolina with its principal place of business in a state other than the State of South Carolina;

Defendant Insurer has offices and agents for transacting business in South Carolina, owns

property and transacts business in South Carolina, and insures property located in Allendale

County, South Carolina.

6.     The most substantial part of the acts or omissions giving rise to the causes

of action stated herein occurred in Allendale County, South Carolina.

7.     At all times relevant herein, Defendant Agency was an agent, servant and/or

employee of Defendant Insurer and was acting within the scope and course of said agency,

service and/or employment thereby making Defendant Insurer responsible for the acts and

omissions of Defendant Agency under the theory of *respondeat superior*.   Moreover, Defendant

Insurer adopted and ratified all acts and omissions of its agents, servants, and/or employees so as

to be responsible for the same.

8.     Plaintiff TFL is, and has been at all times relevant herein, the owner of the

premises located at 324 Main Street North, Allendale, South Carolina.   Prior to the fire

described herein, a convenience store building and appertenances were located on the premises.

This property will hereinafter be referred to as "the premises."

9.     Prior to August 2007, Plaintiff TFL leased the premises to Plaintiff Anderson for consideration in the form of monthly lease payments by Plaintiff Anderson to Plaintiff TFL. Plaintiff Anderson operated a convenience store on the premises.

10.     While Defendant Anderson operated a convenience store on the premises, Plaintiff Anderson procured insurance on the premises, as required by the lease between Plaintiff TFL and Plaintiff Anderson.   Specifically, Plaintiff Anderson contracted with Defendant Insurer for an insurance policy insuring the premises under policy number 3N4-23-17-07.   Said policy provided replacement cost coverage for the premises in the approximate amount of $669,000.00 and named Plaintiff TFL as an additional loss payee.

11.     On or about August 1, 2011, while policy number 3W4-23-17-07 was in full force and effect, Plaintiff Anderson then subleased the premises, with Plaintiff TFL's consent, to Defendant Varni for consideration in the form of monthly lease payments by Defendant Varni to Plaintiff Anderson.   Pursuant to the lease agreement between Plaintiff Anderson and Defendant Varni, Defendant Varni agreed to procure and maintain insurance, including fire, storm and hazard insurance, on the building and equipment located on the premises "in such amounts as are reasonably necessary to protect the Landlord" and "for at least the fair market value of the building and equipment."   At all times relevant herein, the lease agreement referenced herein between Plaintiff Anderson and Defendant Varni was in full force and effect.

12.     On or about October 29, 2011, the convenience store located on the premises described above was destroyed by fire while Defendant Varni was leasing the premises from Defendant Anderson.

13.     As required by the lease between Defendant Varni and Plaintiff Anderson, and well before October 29, 2011, Defendant Varni contacted Defendant Agency to secure insurance

coverage on the premises as required by the lease between Plaintiff Anderson and Defendant Varni. Upon information and belief, Defendant Varni had a longstanding relationship with Defendant Agency concerning insurance matters and reposed special trust and confidence in Defendant Agency's recommendation and advice in the selection of the proper insurance to cover the particular risks to the premises.

14.     Upon information and belief, Defendant Varni specifically told Defendant Agency that Defendant Varni was subleasing the premises from Plaintiff Anderson under a lease agreement that required Defendant Varni to procure insurance on the premises that would protect Plaintiff Anderson's interests in an amount at least equal to the fair market value of the premises. Moreover, upon information and belief, Defendant Agency was aware that the subject property was at that time already insured by Defendant Insurer for cost replacement value of approximately $669,000.00.     Defendant Varni reasonably relied on assurances and recommendations of Defendant Agency that Defendant Agency would procure insurance for Defendant Varni to meet the requirements of Defendant Varni's lease with Plaintiff Anderson.

15.     Defendant Agency contracted with Defendant Varni for consideration to secure an insurance policy that would protect Plaintiffs' property as described above. Defendant Agency procured this insurance coverage through Defendant Insurer, the very same insurer that was intimately familiar with the subject property and was at that time already insuring the property for Plaintiffs.

16.     Defendant Varni, through Defendant Agency, then contracted with Defendant Insurer for consideration in the form of premiums in exchange for an insurance policy that would protect Plaintiffs and Defendant Varni against this type of fire loss in an amount that either met or exceeded the requirement of Defendant Varni's lease with Plaintiff Anderson.

17.     However, even though both Defendant Agency and Defendant Insurer knew the details of Defendant Varni's lease with Plaintiff Anderson and also knew or should have known the replacement value and fair market value of the subject property, Defendant Agency procured and Defendant Insurer issued to Defendant Varni a policy of insurance that insured the premises for only $420,000.00 on a co-insurance basis when Defendants knew there was no other insurance on the property.   Therefore, under the policy, not only was the property significantly underinsured at $420,000.00, but the co-insurance penalty caused a further reduction in coverage.

18.     Plaintiffs were never provided a copy of the insurance policy issued to Defendant Varni by Defendant Insurer.

19.     Immediately after the fire on October 29, 2011, Defendant Varni submitted a claim for damages to the Defendants in accordance with the requirements of the insurance policy.

20.     At some point after receipt of Defendant Varni's claim for damages, Defendants refused and still refuse to compensate Defendant Varni for the amount of coverage that Defendant Agency should have procured for Defendant Varni.   As a result, Defendant Varni is now liable to Plaintiffs for the difference between the amount paid by Defendant Insurer and the actual cash value and/or replacement cost of the property plus Plaintiffs' loss of business profits, loss of use, depreciation and damage to other property located on the premises and other damages.

21.     That on or about May 14, 2015 the Defendant, Varni Enterprise executed an Assignment and claims it may have against the Defendant, First Casualty Insurance Group, Inc. to the Plaintiff, Anderson Oil Company, Inc.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract Against Defendant Varni)

22.    Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

23.    As described above, Plaintiff Anderson and Defendant Varni entered into a contract or lease agreement pursuant to which Defendant Varni agreed to procure and maintain insurance coverage on the premises to adequately protect Plaintiff Anderson's interest in the property.

24.    Defendant Varni breached the contract by failing to procure insurance coverage that protected Plaintiff Anderson's interest in the property as called for by the lease agreement.

25.    As a direct and proximate result of Defendant Varni's breach of contract, Plaintiff Anderson had been damaged as set forth above.

## FOR A SECOND CAUSE OF ACTION
### (Negligence Against Defendant Varni)

26.    Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

27.    Defendant Varni owed Plaintiff Anderson a duty of reasonable care to procure insurance on the property that would adequately protect Plaintiff Anderson's interest.  Moreover, Defendant Varni voluntarily undertook a duty of reasonable care to procure such insurance coverage,

28.    Defendant Varni was negligent, careless, reckless, grossly negligent, willful and wanton in failing to procure adequate insurance coverage.

29.    As a direct and proximate result of Defendant Varni's negligence, Plaintiff Anderson has suffered damages as set forth above.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Contract Against Defendant Agency)

30.    Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

31.    As described above, Defendant Agency contracted with Defendant Varni to provide e particular insurance coverage Defendant Varni needed to protect itself and Plaintiffs from the loss or damage to the premises.

32.    Defendant Agency breached the contract by failing to procure adequate insurance coverage to meet Defendant Varni's needs.

33.    As a direct and proximate result of this breach of contract, Defendant Varni suffered great monetary damage, as described above, and great emotional distress and anxiety.   Defendant Varni is also entitled to punitive damages.

34.    Plaintiffs, as the real parties in interest and equitable   subrogees, are therefore entitled to judgment against Defendants for the amounts owed Plaintiffs for their loss.

### FOR A FOURTH CAUSE OF ACTION
**(Breach of Contract Against Defendant Insurer)**

35.    Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

36.    Defendant Insurer, in its role as Plaintiff Anderson's insurer, owed Plaintiff Anderson a duty of care to write insurance on the premises for Defendant Varni in an amount that would adequately protect Plaintiff Anderson's interest in the property when Defendant Insurer knew or should have the value of the property.   Moreover, Defendant Insurer voluntarily undertook a duty to advise Plaintiff Anderson and assured Plaintiff Anderson it would adequately protect Plaintiff Anderson's interest when writing insurance for Defendant Varni on property that was already insured by Defendant Insurer for Plaintiff Anderson.

37.     Defendant Insurer breached its duty of care by acting negligently, carelessly, grossly negligently, recklessly, willfully and wantonly in the following particulars:

a)     In writing and issuing an insurance policy to Defendant Varni in an amount that failed to protect Plaintiff Anderson's interest in the property when Defendant Insurer knew or should have known the value of the property and knew or should have known of the lease agreement between Defendant Varni and Plaintiff Anderson.

b)     In allowing Plaintiff Anderson to cancel his insurance coverage with Defendant Insurer when Defendant Insurer knew of the co-insurance clause in Defendant Varni's policy and knew that Defendant Varni's policy would not adequately protect Plaintiff Anderson;

c)     In failing to adequately investigate;

d)     In failing to act as a reasonable and prudent insurance company would have acted under the same or similar circumstances; and

e)     In such other and further particulars as the evidence in trial may show.

38.     As a direct and proximate result of the aforementioned acts and omissions of Defendant Insurer, Plaintiffs have been greatly damaged as set forth above.

## FOR A FIFTH CAUSE OF ACTION
### (Negligence Against All Defendants for Breach of the Duty to Advise)

39.     Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

40.     Defendant Agency undertook to advise Defendant Varni and Plaintiff Anderson by assuring that Defendant Agency would procure insurance that would meet and satisfy the needs and risk of loss associated with operating the convenience store. Furthermore, Defendant Agency was very familiar with the insurance needs due to a course of dealing with the store; moreover, Defendant Agency knew or should have known its advice was being requested and relied upon by Plaintiff Anderson and Defendant Varni. Additionally, Defendant Agency knew that Plaintiff Anderson and Defendant Varni had in fact reposed special trust and confidence in Defendant

Agency with respect to the recommendation and selection of coverage for the convenience store. By assuming and undertaking the duty to advise Plaintiff Anderson and Defendant Varni and act as their fiduciary, Defendant Agency was required to exercise due care in giving advice and so acting. Moreover, Plaintiff Anderson reasonably relied on the assistance and advice given by Defendant Agency.

41.    Defendant Agency breached its duty of care and thereby acted negligently by failing to procure insurance coverage that met the needs of the convenience store and its operation.

42.    Furthermore, under the doctrine of apparent authority, Defendant Insurer, the principal, is bound by the acts of Defendant Agency, the agent, because Defendant Insurer placed Defendant Agency in a position that led Plaintiff Anderson and Defendant Varni, entities of ordinary prudence, reasonably knowledgeable with business customs, to believe that Defendant Agency had authority to represent that Defendant Aency could and would procure insurance to meet specific needs of the store. Plaintiff Anderson and Defendant Varni relied on that assumption in purchasing said insurance.

43.    As a direct and proximate result of these breaches of care, Plaintiff Anderson and Defendant Varni suffered damages as set forth above and is entitled to punitive damages.

44.    The Plaintiffs, as the real parties in interest and equitable subrogees, are entitled to judgment against Defendants the amounts owed Plaintiffs for their loss.

## FOR A SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation Against Defendant Agency and Defendant Insurer)

45.    Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

46.    Defendant Varni specifically told Defendant Agency, Defendant Varni's insurance agent, that Defendant Varni needed coverage on the premises to protect Plaintiff Anderson's

interest in the property pursuant to the lease agreement between Defendant Varni and Plaintiff Anderson.

47.     Defendant Agency and Defendant Insurer represented to Defendant Varni that the insurance policy procured for Defendant Varni by Defendant Agency from Defendant Insurer would meet Defendant Varni's needs.

48.     Defendant Agency and Defendant Insurer owed Defendant Varni a duty of care to communicate truthful and accurate information to Defendant Varni.

49.     Defendant Agency has a pecuniary interest in making the representations in that Defendant Agency earns money by selling insurance.

50.     Defendant Agency and Defendant Insurer breached its duty by failing to exercise due care and thereby acted negligently.

51.     Defendant Varni justifiably relied on Defendant Agency and Defendant Insurer's representations.

52.     Defendant Agency and Defendant Insurer failed to notify Plaintiff Anderson after assuring its needs and interests would be protected.   The failure to inform Plaintiff Anderson of the true nature of the change in the coverage and the ultimate coverage provided, when they knew or reasonably should have known of Plaintiff Anderson's reliance on them, amounts to a positive misrepresentation.

53.     As a direct and proximate result of Defendant Agency and Defendant Insurer's negligent, misrepresentations, Plaintiffs and Defendant Varni suffered damages as set forth above and is entitled to punitive damages.

54.     The Plaintiffs, as the real parties in interest and equitable subrogees, are entitled to judgment against Defendants the amounts owed Plaintiffs for their loss.

## FOR A SEVENTH CAUSE OF ACTION
### (Promissory Estoppel)

55.    Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

56.    As described above, upon information an belief, Defendant Agency unambiguously warranted and promised Plaintiff Anderson and Defendant Varni that Defendant Agency would procure and Defendant Insurer would provide insurance coverage in an amount that would adequately protect Plaintiff Anderson and Defendant Varni's interests.

57.    Defendant Agency expected, intended and foresaw that Defendant Varni would rely on this warranty and promise.

58.    Plaintiff Anderson and Defendant Varni to its extreme prejudice and detriment, did in fact reasonably rely upon Defendant Agency's warranty or promise, such that Defendant Varni is entitled to recover its above described damages that were the direct and proximate result of its reliance on Defendants' warranties or promises, and to allow otherwise would be virtually to sanction perpetration of fraud and would result in other injustice.

59.    The Plaintiffs, as the real parties in interest and equitable subrogees, are entitled to judgment against Defendants the amounts owed Plaintiffs for their loss.

## FOR AN EIGHTH CAUSE OF ACTION
### (Constructive Fraud)

60.    Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

61.    Defendant Agency owed Defendant Varni duties of good faith and fair dealing inherent in every contract as well as fiduciary duties as described elsewhere in this Complaint.

62.    Defendant Agency breached its duties by making deceptive, material

misrepresentations of past or existing facts or remaining silent when a duty to speak existed, and advancing its own interests at the expense of the interest of Defendant Varni.

63.    As a direct and proximate result of the reliance of Defendant Varni, Defendant Varni incurred damages as set forth above.

64.    The Plaintiffs, as the real parties in interest and equitable subrogees, are entitled to judgment against Defendants the amounts   owed Plaintiffs for their loss.

## FOR A NINTH CAUSE OF ACTION
### (Breach of Fiduciary Duties)

65.    Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

66.    Defendant Agency had and has fiduciary relationships and owed fiduciary duties and obligations to Defendant Varni.  Defendants at all times relevant were or should have been aware of the specific expectations and insurance needs of Defendant Varni, their failure to properly investigate the insurance coverage procured and recommended for Defendant Varni, their failure to properly consider Defendant Varni's expectations and needs, and their failure to properly safeguard the rights and interests of Defendant Varni as described above.

67.    Upon information and belief, the Defendants purposely withheld their knowledge of the above described from Defendant Varni to the extreme detriment of Defendant Varni in that so failing to notify Defendant Varni, the Defendants knowingly caused Defendant Varni to become responsible to Plaintiff Anderson for the difference between the amount insured and the actual value or replacement cost of the premises, such that the Defendants breached their fiduciary duties owed to Defendant Varni, including but not limited to, the duty to perform the contract or promise of providing insurance coverage to Defendant Varni to cover the specific needs of Defendant Varni; the duty not to benefit their own interests ahead of Defendant Varni and the duty to act with

due care to protect Defendant Varni; all of these breaches have, are and will actually and proximately cause the above damages to Defendant Varni.

68.    The Plaintiffs, as the real parties in interest and equitable subrogees, are entitled to judgment against Defendants the amounts owed Plaintiffs for their loss.

## FOR A TENTH CAUSE OF ACTION
### (Equitable Indemnity)

69.    Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

70.    Defendant Varni now faces liability to the Plaintiffs due to the breach of contract, negligence and bad faith conduct by Defendants as set forth above all through no fault or negligence of Defendant Varni.

71.    Defendants' conduct as described above caused and resulted in Defendant Varni being liable to Plaintiffs for damages set forth above.

72.    Defendant Varni shares no responsibility or liability for Defendants' conduct.

73.    As a direct and proximate result of the Defendants's conduct, Defendant Varni suffered damages as set forth above and for which it is entitled to equitable indemnification from Defendants.

74.    The Plaintiffs as real parties in interest and equitable subrogees are therefore entitled to judgment against Defendants for the full amount of their damages.

## TRIAL BY JURY

75.    Plaintiffs demand a jury trial on all claims and issues triable.

WHEREFORE, Plaintiffs pray for judgment against Defendants in a sum sufficient to adequately compensate for actual damages, for such punitive damages as a jury may reasonably

award, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

MOTLEY RICE, LLC

By: _____

Miles Loadholt - S.C. Bar #3378
P.O. Box 365
Barnwell, SC 29812
(803) 224-8812
ATTORNEY FOR PLAINTIFF ANDERSON

Dated: June 11, 2015