# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| CROSSROADS CONVENIENCE, LLC, as successor to TFL ASSOCIATES, LLC, and assignee of ANDERSON OIL, INC., AND VARNI ENTERPRISES, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No: 1:15-02544-JMC ) |
| | ) **ORDER** ) |
| FIRST CASUALTY INSURANCE GROUP, INC., AND EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) ) ) |
| Defendants. | ) |

This matter is before the court on Defendant First Casualty Insurance Group, Inc.'s ("First Casualty") Amended Partial Motion to Dismiss and/or Motion to Strike (ECF No. 7) filed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). No response has been filed.

## PROCEDURAL BACKGROUND

This case was initially filed in the Court of Common Pleas in the County of Allendale, South Carolina, on October 20, 2014, by Plaintiffs Anderson Oil Company ("Anderson Oil") and TFL Associates, LLC ("TFL") against First Casualty and Employers Mutual Casualty Company ("Defendants"). (ECF No. 1-2). On May 14, 2015, Varni and Anderson Oil executed an Assignment of Rights and Covenant Not to Execute whereby Varni assigned all of its claims against First Casualty to Anderson Oil. (ECF No. 1 at 2). On June 12, 2015, Plaintiffs filed an amended

1

complaint ("First Amended Complaint"). (ECF No. 1-2 at 51). Subsequently, on May 25, 2015, First Casualty filed a notice of removal, and the litigation was removed to the District of South Carolina. (ECF No. 1). Thereafter, on July 1, 2015, First Casualty filed this Amended Partial Motion to Dismiss and/or Motion to Strike.

On August 21, 2015, Anderson Oil filed a motion seeking leave to amend the complaint on the grounds that TFL was purchased by Crossroads. (ECF No. 19). Additionally, Anderson Oil entered into an Assignment of Rights and Claims and Covenant Not to Execute with Crossroads. (ECF No. 20). The court granted Anderson Oil's motion on September 28, 2015. (ECF No. 25). As a result, Crossroads became the sole Plaintiff in this litigation. Crossroads filed an Amended Complaint on September 29, 2015. (ECF No. 26). First Casualty filed an Answer to the newly Amended Complaint on October 9, 2015. (ECF No. 33). First Casualty did not file a motion to withdraw or amend its previously filed motion to dismiss.

## ANALYSIS

First Casualty's entire motion to dismiss is premised on the assertion that TFL could not assert any rights on behalf of Varni or Anderson Oil because it was not a party to the May 14, 2015 agreement whereby Varni assigned its rights against Defendants to Anderson Oil. Accordingly, First Casualty asserts that 1) TFL has no standing to assert any claim against First Casualty, and 2) that TFL's claims for breach of contract, negligence, negligent misrepresentation, promissory estoppel, and constructive fraud must fail because TFL does not assert that it had any relationship with First Casualty to support those causes of action. (ECF No. 7-1 at 5-6). First Casualty further asserts that paragraphs 34, 44, 54, 59, 64, 68, and 74 should be stricken from the First Amended Complaint because TFL and Anderson Oil are not entitled to recovery against First Casualty as equitable

2

subrogees. First Casualty contends that TFL cannot satisfy the elements of an equitable subrogation claim because they do not allege that they have paid any debt on behalf of Varni that would permit them to assert claims on Varni's behalf. Further, First Casualty asserts that any equitable subrogation claim made by Anderson Oil is redundant because Anderson Oil's claim against First Casualty is based on an assignment of rights.

As a threshold matter, TFL is no longer a party in interest to this action because Crossroads purchased TFL on June 30, 2015. (ECF No. 20 at 1). After purchasing TFL, Crossroads entered into an agreement with Anderson Oil whereby Anderson Oil assigned all of its claims, and previously assigned claims by Varni, against First Casualty to Crossroads. (ECF No. 20). As a result, Crossroads has the ability to assert all claims against First Casualty that Anderson Oil and Varni could have asserted. Subsequent to the filing of First Casualty's motion to dismiss, Crossroads filed an Amended Complaint on September 29, 2015, asserting these assigned claims against First Casualty. Additionally, because Crossroads is the sole plaintiff in this matter and has been assigned all the rights of the previous plaintiffs, Crossroads does not assert any claims based on an equitable subrogation theory. As a general rule, once an amended complaint is filed it supersedes the previously filed complaint and renders it of no legal effect. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). Accordingly, the filing of the Amended Complaint on September 29, 2015, supersedes the First Amended Complaint. Thus, First Casualty's motion to dismiss is based on claims that no longer have any legal effect.

In accordance with the foregoing, the court **DENIES** First Casualty Insurance Group, Inc.'s Amended Partial Motion to Dismiss and/or Motion to Strike (ECF No. 7) as moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 2, 2016
Columbia, South Carolina