# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Crossroads Convenience, LLC, )<br>*as successor to TFL Associates, LLC,* )<br>*and assignee of Anderson Oil Company,* )<br>*Inc.*, )<br>                         Plaintiff, )<br>                         )<br>                   v. )<br>                         )<br>First Casualty Insurance Group, Inc., )<br>                         )<br>                       Defendant. )<br>_____) | Civil Action No.: 1:15-cv-02544-JMC<br><br>**ORDER AND OPINION** |

       Before the court is Defendant's Motion to Compel (ECF No. 98) pursuant to Fed. R. Civ. P. 37(a). Defendant moves the court to compel Plaintiff to respond to Defendant's Second and Third Requests for Production (ECF Nos. 98-1; 98-3) and Defendant's Supplemental Interrogatories (ECF No. 98-4). Defendant also moves the court to compel Plaintiff to produce all documents requested in the subpoena served on Terrill Tuten, Plaintiff's President.

       On September 15, 2017, Defendant served Plaintiff with a Second Set of Requests for Production (ECF No. 98-1), and on September 25, 2017, Defendant served Plaintiff with a Third Set of Requests for Production (ECF No. 98-3) as well as Supplemental Interrogatories (ECF No. 98-4). On September 26, 2017, Defendant served Mr. Tuten with a subpoena. (ECF No. 98-5.)

       Plaintiff did not formally respond to Defendant's discovery requests until its Response (ECF No. 101) to Defendant's Motion to Compel (ECF No. 98); however, Plaintiff did timely provide several documents to Defendant. On October 20, 2017, Plaintiff's counsel produced three documents that Plaintiff asserts were responsive to Defendant's Second Set of Requests for Production (ECF No. 98-1). (ECF No. 101-1); (*see also* ECF No. 101 at 2 ¶ 4.) Additionally, on

1

October 31, 2017, Plaintiff produced several more documents in response to Defendant's discovery requests. (ECF No. 101-6); (*see also* ECF No. 101 at 3-4 ¶ 8.)

A. Defendant's Second and Third Set of Requests for Production

Pursuant to Fed. R. Civ. P. 34(b)(2)(A), "the party to whom the request [for production] is directed must respond in writing within [thirty] (30) days after being serviced, [unless a different time is stipulated to under Fed. R. Civ. P. 29 or the court states otherwise]." The party to whom the request is directed must also respond to each item within a request for production, "[stating] that inspection and related activities will be permitted as requested or [stating] with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The responding party may also state that it will produce copies of documents or of electronically stored information instead of permitting inspection. *Id.* Lastly, "[any] objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Defendant asserts that Plaintiff's objections to its Requests for Production are waived (ECF No. 104 at 2); however, Fed. R. Civ. P. 34 does not explicitly require that the court deem Plaintiff's objections waived because they were untimely.[1] Plaintiff's right to object is not waived, but any objection made by Plaintiff must comport with Fed. R. Civ. P. 34(b)(2)(B)-(C).

Plaintiff admits that it is still conducting discovery and that it sent Defendant a request for an extension of the discovery deadline to November 30, 2017 (ECF No. 101-2), which Defendant objected to, stating that pursuant to the Local Rules, it could not extend the deadline for filing a

---

[1] The cases Defendant cites define the waiver provision under Fed. R. Civ. P. 33(b)(4), which is not applicable to Fed. R. Civ. P. 34.

motion to compel beyond the October 31, 2017 discovery deadline in the Scheduling Order.² (ECF No. 101-5); (*see also* ECF No. 87.) However, in Defendant's Reply to its Motion to Compel, Defendant notes that Plaintiff is still continuing to conduct discovery and moves the court to set a "short timeframe by which all responsive materials must be produced." (ECF No. 104 at 4.) Because Defendant does not seem to object to giving Plaintiff extra time to provide responsive documents, the court will provide a timeframe for Plaintiff to provide these documents. *See* Fed. R. Civ. P. 34(b)(2)(A) (the court can extend the time for a party to respond). In providing Plaintiff extra time, the court directs Plaintiff's attention to the provisions of Fed. R. Civ. P. 34(b)(2)(B) and its mandate that Plaintiff must respond to each item or category, and if Plaintiff objects it must do so with specificity, detailing the grounds and the reasons for the objection.

B.  Defendant's Supplemental Interrogatories

Pursuant to Fed. R. Civ. P. 33(b)(2), "[t]he responding party must serve its answers and any objections [to the other party's interrogatories] within [thirty] (30) days after being served with the interrogatories." If the responding party objects, the objection must be timely or else it is waived, unless the court finds good cause to excuse the failure to timely object. Fed. R. Civ. P. 33(b)(4).

Plaintiff did not object to Defendant's Supplemental Interrogatories and answered every interrogatory presented, including Interrogatory Nos. 9 and 12 which were previously served. (ECF No. 101 at 13-15 ¶ 12); (*see also* ECF No. 98-4 at 5-6.) Because the court is extending the time for Plaintiff to respond to Defendant's Second and Third Sets of Requests for Production, the

---

² Local Civ. Rule 37.01 (D.S.C.) states that "[i]f counsel are actively engaged in attempts to resolve the discovery dispute, they may agree to extend the time to comply with the discovery request so long as the extension does not place the due date beyond thirty (30) days before the deadline for completion of discovery as set by the scheduling order."

court will also extend the time for Plaintiff to answer Defendant's Supplemental Interrogatories, and Interrogatory Nos. 9 and 12. *See* Fed. R. Civ. P. 33(b)(2) (the court can order an extension of time for a party to respond). To the extent that Defendant posits that Plaintiff's answers were not responsive, any issues regarding the responsiveness of Plaintiff's answers can be addressed after Plaintiff submits its amended responses.

C. Terrill Tuten Subpoena

Plaintiff asserts that it is still continuing to gather documents responsive to Defendant's subpoena and Defendant's other discovery requests. (ECF No. 101 at 15.) Defendant moves the court to set a date by which Mr. Tuten must fully respond. (ECF No. 104 at 6.) Given that the court is extending Plaintiff's time to respond to Defendant's Second and Third Set of Requests for Production and Defendant's Supplemental Interrogatories, the court orders Mr. Tuten to respond to Defendant's Subpoena within the time period set by the court.

**CONCLUSION**

For the reasons set forth above, the court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Compel (ECF No. 98). The court **ORDERS** Plaintiff to respond to Defendant's Second and Third Sets of Requests for Production (ECF No. 98-1; 98-3) and Defendant's Supplemental Interrogatories (ECF No. 98-4) within fourteen (14) days of the entry of this Order. Additionally, the court **ORDERS** Mr. Tuten to respond to Defendant's Subpoena (ECF No. 98-5) within fourteen (14) days. Further, the court **ORDERS** Plaintiff to identify by Bates number, or otherwise specify, the documents responsive to each of Defendant's Requests for Production, each Interrogatory, and Mr. Tuten's Subpoena.

April 5, 2018
Columbia, South Carolina

*J. Michelle Childs*
United States District Judge